# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

MICHAEL E. SPREADBURY,                    CV 11-64-M-DWM-JCL

        Plaintiff,

  vs.

                              ORDER

BITTERROOT PUBLIC LIBRARY,
CITY OF HAMILTON,
LEE ENTERPRISES, INC., and
BOONE KARLBERG, P.C.,

        Defendants.
_____

Plaintiff Michael E. Spreadbury, proceeding pro se, has filed a Motion for Substitution/Recusal of Judges pursuant to 28 U.S.C. § 455(a) and (b). Spreadbury moves to disqualify the undersigned United States Magistrate Judge Jeremiah C. Lynch, and United States District Judge Donald W. Molloy from presiding over this action because he "believes he will not receive a fair and impartial" adjudication of his claims.

This order addresses Spreadbury's motion only to the extent it applies to me. In that respect, Spreadbury's motion is denied.

# I.

Spreadbury's motion alleges grounds for disqualification stemming principally from circumstances and proceedings involved in a prior lawsuit that he brought in this Court — *Spreadbury v. Hoffman et al.*, CV 10-49-M-DWM-JCL (*Spreadbury I*). The subject matter of that action stemmed from a conflict Spreadbury had with some of his neighbors in Ravalli County, and Ravalli County's subsequent criminal prosecution of Spreadbury for offenses he allegedly committed against his neighbors. In that case, Spreadbury alleged that various defendants, including officials of the City of Hamilton and Ravalli County, violated his civil rights in relation to that criminal prosecution.

One of the individuals Spreadbury named as a defendant in *Spreadbury I* was Angela Wetzsteon. At the time of the events which gave rise to the claims advanced in *Spreadbury I*, Ms. Wetzsteon, a student at the University of Montana School of Law, was serving a student internship with the Ravalli County Attorney's Office. In that capacity, Ms. Wetzsteon assisted with the criminal prosecution against Spreadbury. In *Spreadbury I*, Spreadbury alleged Ms. Wetzsteon unlawfully prosecuted him as a student prosecutor because she was not licensed as an attorney to practice law, and because she engaged in unsupervised conduct during the course of the prosecution.

*Spreadbury I* was randomly assigned to me in accordance with Local Rule 1.10 and Standing Order No. DWM-47 (January 8, 2007). As required by 28 U.S.C. § 1915(e)(2), I reviewed Spreadbury's complaint to determine whether or not it stated a claim on which relief could be granted. Having reviewed the myriad of claims advanced by Spreadbury — and in accordance with 28 U.S.C. § 636(b)(1)(B) — I submitted proposed findings and recommendations for disposition to the presiding Article III Judge, the Honorable Donald Molloy, recommending that Spreadbury's federal claims be dismissed for failing to state a claim on which relief could be granted. Dkt. # 6. I also recommended that the Court decline to exercise supplemental jurisdiction over Spreadbury's state law claims pursuant to 28 U.S.C. § 1367(c)(3) and dismiss those claims without prejudice.

Two of the federal claims recommended for dismissal were claims advanced against Ms. Wetzsteon under 42 U.S.C. § 1983 alleging she violated Spreadbury's Sixth Amendment right to confront witnesses and Eighth Amendment right to be free from excessive bail in the underlying criminal proceedings. I recommended dismissal based upon my conclusion that Ms. Wetzsteon was entitled to absolute prosecutorial immunity. Judge Molloy adopted my proposed findings and

recommendations by Order entered November 2, 2010. Dkt. # 9. *Spreadbury I* is currently on appeal to the Ninth Circuit Court of Appeals.

Prior to the filing of *Spreadbury I* on May 11, 2010, Ms. Wetzsteon had been a student intern in my chambers from September 7 through December 7, 2007. Spreadbury argues that because Ms. Wetzsteon served as a student intern in the Court both Judge Molloy and I had a conflict of interest which disqualified both of us from presiding in *Spreadbury I*.[1]

Additionally, Spreadbury asserts that Judge Molloy was disqualified from presiding in *Spreadbury I* because he was a member of the Board of Visitors of the University of Montana Law School during the time Ms. Wetzsteon was serving her clinical internship in the Ravalli County Attorney's Office. Spreadbury contends that Judge Molloy's membership on the Board of Visitors was a "paid position" pursuant to Mont. Code Ann. § 2-18-501, thus giving him a financial

---

[1] The Court notes that by Order entered November 2, 2010, in *Spreadbury I*, Judge Molloy considered Spreadbury's conflict of interest argument involving Ms. Wetzsteon. Judge Molloy concluded that Ms. Wetzsteon's term as a student intern with the Court did not create a conflict of interest requiring disqualification under 28 U.S.C. § 455. *Spreadbury I*, Dkt. 9.

interest in the subject matter of *Spreadbury I* as prohibited under 28 U.S.C. § 455(b)(4).[2]

I identify the grounds asserted by Spreadbury in support of his motion to disqualify Judge Molloy for purposes of completeness. Spreadbury's motion as it pertains to Judge Molloy, however, must be decided by Judge Molloy. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (A motion for disqualification under 28 U.S.C. § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned."). Thus, I only address Spreadbury's motion as it pertains to me.

## II.

"Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). It provides in relevant part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

---

[2] The Court notes, however, that Mont. Code Ann. § 2-18-501 provides only for the "reimbursement" of meal, lodging, and transportation expenses incurred by "state officials, appointed members of boards, commissions, or councils, department directors, and all other state employees[.]" Thus, § 2-18-501 does not provide financial compensation to any person for services rendered by that person.

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a) and (b).[3]

Section 455(a) requires disqualification for the appearance of partiality. Section 455(b)(1), in contrast, requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987). As such, section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864,

---

[3]Spreadbury submitted his own affidavit in support of his motion for disqualification, and he asserts that he seeks disqualification "in good faith." Although Spreadbury relies upon 28 U.S.C. § 455, the Court deems it appropriate to consider whether his motion should be construed as filed pursuant to 28 U.S.C. § 144. Section 144 requires a party seeking the disqualification of a judge to submit an affidavit identifying a personal bias or prejudice that the judge has against the movant or in favor of any adverse party, and section 144 requires that the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." The certificate of good faith must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Indiana 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar of this Court may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id*. *See also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010) and *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007). Here, Spreadbury has not provided a certificate of good faith from an attorney. Thus, the Court will not construe Spreadbury's motion as invoking the provisions of section 144.

6

867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification under section 455(a) is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation omitted). Under this objective standard, the "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Id.*, 519 F.3d at 913-14. Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Id.* (quotation omitted).

The Supreme Court has concluded that the "extrajudicial source" doctrine applies to the analysis under section 455(a). *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14. Stated differently, a judge's alleged bias, prejudice, or partiality must be based on knowledge derived from a source outside

7

of any judicial proceedings — some factor other than what the judge learned from his participation in the case. *Liteky*, 510 U.S. at 554; *United States v. Briggs*, 2007 WL 1364682, *2 (D. Idaho 2007) (citing *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978)). Ultimately, the analysis under section 455(a) requires a fact-driven, case-by-case consideration of the circumstances of each case. *Holland*, 519 F.3d at 913.

As a consequence of the "extrajudicial source" doctrine, generally "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "[O]nly in the rarest circumstances" will judicial rulings "evidence the degree of favoritism or antagonism required [...] when no extrajudicial source is involved." *Id*. Judicial rulings generally only provide a basis for an appeal, not a basis for disqualification. *Id*.

The Court in *Liteky* also made clear that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Absent any extrajudicial source, a judge's "favorable or unfavorable predisposition" will be

8

characterized as bias or prejudice only "if it is so extreme as to display clear inability to render fair judgment." *Id*., 510 U.S. at 551.

In considering disqualification motions, "judges are not to recuse themselves lightly[,]" and should participate in cases assigned if there is no legitimate reason for disqualification. *United States v. Sierra Pacific Industries*, 2010 WL 4777842, *6 (E.D. Cal. 2010) (quoting *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000)); *Holland*, 519 F.3d at 912. In other words, judges "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *Sierra Pacific Industries*, 2010 WL 4777842 at *2 (citing *Holland*, 519 F.3d at 912).

Spreadbury contends that my impartiality in this case might reasonably be questioned mandating disqualification under sections 455(a) and (b)(1). He argues that Ms. Wetzsteon's service as a student intern in my chambers coupled with the fact I screened the pleadings in *Spreadbury I* twice and ultimately concluded Ms. Wetzsteon was entitled to prosecutorial immunity indicates that I

have an actual personal bias — or at the least an appearance of bias — against Spreadbury. Dkt. # 17-1, pp. 2-3.[4] I disagree.

First, although Ms. Wetzsteon worked in my chambers as a student intern, I did not, and do not, have any personal or social relationship with her. Second, the original complaint in *Spreadbury I* was 49 pages in length advancing 40 causes of action against 17 defendants. The first "screen" was undertaken to require Spreadbury to present a more concise complaint in satisfaction of Fed. R. Civ. P. 8(a)(2) and 10(b). And the review of his Amended Complaint was appropriate under 28 U.S.C. § 1915(e)(2). Finally, my conclusion that Ms. Wetzsteon was entitled to absolute prosecutorial immunity was compelled by controlling law, and not a personal bias towards Spreadbury.

Taken together, Spreadbury's arguments challenging my conduct in *Spreadbury I* merely demonstrate his dissatisfaction with my rulings in that case. But, judicial rulings in prior proceedings, in and of themselves, cannot "constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Instead,

---

[4]Spreadbury's affidavit appears to suggest that I had a financial conflict of interest as the University of Montana Law School "clinic director" that would warrant disqualification under section 455(b)(4). Spreadbury is mistaken in concluding that I was a "clinic director". I simply allow the Law School to place student interns in my chambers to satisfy their clinical requirements.

those rulings may only form the basis for an appeal in *Spreadbury I* which Spreadbury has filed.

Simply put, Spreadbury has not established any legitimate basis for my disqualification under either section 455(a) or (b). He has failed to meet the objective standard for disqualification, and he has failed to demonstrate, from a reasonable person's perspective, that my impartiality can reasonably be questioned under the circumstances of either *Spreadbury I* or this case. I am confident that a reasonable person who understands all of the relevant facts and has examined the record in both cases would have no reason to conclude that my impartiality towards Spreadbury might reasonably be questioned.

To find that grounds for disqualification exist under the circumstances as presented by Spreadbury would be to encourage the misuse of 28 U.S.C. § 455. I have an obligation to not disqualify myself under these circumstances. *See e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987) (explaining that "[a] judge should not recuse himself on unsupported, irrational, or highly tenuous speculation"); *In re Yellowstone Mountain Club, LLC*, 2011 WL 766979, *5 (Bkrtcy. D. Mont. 2011) (recognizing that a judge has a "corresponding obligation to not recuse and to serve on assigned cases when no reason to recuse exists").

Because Spreadbury has not established any legitimate basis for my disqualification under section 455, IT IS ORDERED that his Motion for Substitution/Recusal of Judges is DENIED to the extent it applies to me.

DATED this 25th day of May, 2011.

      /s/ Jeremiah C. Lynch
    Jeremiah C. Lynch
    United States Magistrate Judge