# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| MICHAEL E. SPREADBURY, | CV 11-64-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| BITTERROOT PUBLIC LIBRARY, CITY OF HAMILTON, LEE ENTERPRISES, INC., and BOONE KARLBERG, P.C., | |
| Defendants. | |

_____

Plaintiff Michael E. Spreadbury has filed various motions in this action. The Court will address several of those motions in this Order.

## I.  Motion to Proceed In Forma Pauperis

Spreadbury filed a Motion to Proceed In Forma Pauperis. Spreadbury submitted a statement of his financial condition as required by 28 U.S.C. § 1915(a). Because it appears Spreadbury lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that his Motion to Proceed In Forma Pauperis is GRANTED.

**II.     Motion for Appointment of Counsel**

Spreadbury moves for appointment of counsel to represent him in this action. In support of his motion Spreadbury states he is disabled, that he has been unable to secure gainful employment, and he has not been able to find legal counsel to represent him in this action. He contends his legal claims have merit, and that he is entitled to legal assistance as a matter of right.[1]

A plaintiff does not have a right to the appointment of counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Although the Court has discretionary authority to appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (*see Palmer*, 560 F.3d at 970), such appointment can occur only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *Palmer*, 560 F.3d at 970.

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [litigant] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

---

[1] Spreadbury cites to Fed. R. Civ. P. 44(a) in support of his motion for appointment of counsel. Rule 44(a), however, establishes what constitutes evidence of a domestic or foreign official record, and it does not provide any right to the appointment of counsel.

*Id*. (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)). *See also Palmer*, 560 F.3d at 970.

At this early stage of this lawsuit there is no basis in the record on which the Court could conclude that Spreadbury has presented exceptional circumstances warranting appointment of counsel. Although Spreadbury asserts he is disabled, he has not established that he will be unable to sufficiently articulate his claims. He also has not demonstrated the requisite likelihood of success on the merits of his claims.

Accordingly, IT IS HEREBY ORDERED that Spreadbury's Motion for Appointment of Counsel is DENIED.

### III. Motion to Appoint Lead Defense Counsel

Jeff Smith, an attorney with the firm of Garlington, Lohn & Robinson, is counsel for Defendant Lee Enterprises, Inc. in this matter. All other Defendants named in this action are represented by Natasha Prinzing Jones, Thomas Leonard, and William Crowley, all of whom are attorneys at the firm of Boone Karlberg, P.C.

Spreadbury moves for an order consolidating Defendants' legal representation, and appointing Jeff Smith to serve as lead counsel for all Defendants named in this action. Spreadbury asserts the appointment is warranted

due to the nature of his claims advanced in this action, and based on his perception that it would be inequitable for Defendants to be represented by multiple attorneys. Spreadbury also relies on rules applicable to the appointment of counsel for parties in class action lawsuits. *See* Fed. R. Civ. P. 23(g).

Spreadbury's motion wholly lacks merit. This matter is not a class action lawsuit, and is not governed by Rule 23. There exists no legal authority, and no basis in the record for the Court to designate and appoint a single attorney to serve as counsel for all Defendants in this action. Parties to an action are at liberty to retain counsel of their choice. THEREFORE, IT IS ORDERED that Spreadbury's Motion to Appoint Lead Defense Counsel is DENIED.

### IV. Motion to Remand Pendent State Claims

On April 19, 2011, Defendants Bitterroot Public Library and City of Hamilton removed this action to this Court from the Montana Twenty-First Judicial District Court, Ravalli County. Defendants' Notice of Removal was filed pursuant to 28 U.S.C. § 1441(a), and they assert this Court has federal question jurisdiction over this action as provided by 28 U.S.C. § 1331 based on the federal claims Spreadbury advances in this case.

In addition to his claims pled under federal law, Spreadbury advances numerous claims against Defendants that are cognizable under Montana law.

With respect to those claims, federal law grants this Court "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Under the circumstances of this case, the Court finds that all of Spreadbury's state law claims advanced in this case are sufficiently related to his federal claims so as to "form part of the same case or controversy" within the contemplation of 28 U.S.C. § 1367(a). Therefore, the Court has supplemental jurisdiction over all of Spreadbury's state law claims.

Spreadbury moves, pursuant to 28 U.S.C. § 1441(c), for an order remanding his claims for intentional and negligent infliction of emotional distress that are pled under Montana law. Spreadbury presumably intends to leave all of his other remaining state law claims for resolution by this Court. For the reasons discussed, Spreadbury's motion for remand is denied.

The Court has discretionary authority to decline to exercise supplemental jurisdiction over the state law claims under the conditions set forth in 28 U.S.C. § 1367(c), or to remand those claims as provided under 28 U.S.C. § 1441(c). A district court may decline to exercise supplemental jurisdiction for the following reasons:

5

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1) - (4). Further, consistent with Section 1367(c)(2), the court also "may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

A court's retention of supplemental jurisdiction is discretionary, and the court may decline to exercise jurisdiction over state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Spreadbury has not identified any valid reason justifying a remand of his emotional distress claims. Instead, he incorrectly asserts the Court does not have jurisdiction over his emotional distress claims contrary to 28 U.S.C. § 1367(a) as discussed above. He has otherwise failed to identify any circumstances under 28

6

U.S.C. § 1367(c) which would prompt the Court to decline to exercise jurisdiction over his emotional distress claims, and he has failed to establish grounds for remand under 28 U.S.C. § 1441(c). Therefore, under the circumstances of this case, the Court does not deem it appropriate to decline to exercise supplemental jurisdiction over Spreadbury's emotional distress claims, or to remand those claims. THEREFORE, IT IS HEREBY ORDERED that Spreadbury's Motion to Remand Pendant State Claims is DENIED.

## V.  Motion to Stay Discovery Pending Court Action

On May 13, 2011, Spreadbury filed a motion requesting partial summary judgment against Defendants with respect to some of the claims set forth in his Second Amended Complaint. Spreadbury's motion also challenges the qualified immunity which some of the Defendants assert, or may assert in defense of Spreadbury's claims.

On May 19, 2011, Spreadbury moved to stay discovery in this matter pending the Court's resolution of his motion for partial summary judgment and the related issues of qualified immunity. He contends he is entitled to a stay of discovery under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

A defendant's eligibility for qualified immunity, if granted, affords the defendant "immunity from suit rather than a mere defense to liability[.]" *Mitchell*

*v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, if a defendant is eligible for qualified immunity, then the defendant should not be subjected to the costs of trial, or burdens of discovery. "Until this threshold immunity question is resolved, discovery should not be allowed[,]" so as to avoid the excessive disruption which unnecessary litigation could cause to a government official's duties. *Harlow*, 457 U.S. at 818. Thus, under *Harlow* a stay of discovery is for the benefit of a defendant who may be entitled to qualified immunity, not for the benefit of a plaintiff attempting to defeat qualified immunity.

Based on the foregoing, Spreadbury has failed to establish any good cause for a stay of discovery pending resolution of his motion for partial summary judgment. THEREFORE, IT IS ORDERED Spreadbury's motion to stay discovery is DENIED.

DATED this 25th day of May, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge