**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

───────────────────────────────────────────

MICHAEL E. SPREADBURY,                          CV 11-64-M-DWM-JCL

        Plaintiff,

    vs.

                                    FINDINGS AND
BITTERROOT PUBLIC LIBRARY,                      RECOMMENDATIONS
CITY OF HAMILTON,
LEE ENTERPRISES, INC.,
BOONE KARLBERG, P.C.,
DR. ROBERT BROPHY, TRISTA SMITH,
NANSU RODDY, JERRY STEELE,
STEVE SNAVELY, STEVEN BRUNER-MURPHY,
RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT,

        Defendants.

───────────────────────────────────────────

Before the Court are the following motions: (1) Defendant Boone Karlberg, P.C.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff Michael Spreadbury's complaint for failure to state a claim upon which relief can be granted; and (2) Plaintiff Spreadbury's Fed. R. Civ. P. 56 motion for summary judgment upon the claims he advances against Boone Karlberg. For the reasons stated, the Court recommends that Boone Karlberg's motion be granted, and Spreadbury's motion be denied.

1

# I.    BACKGROUND

The subject of this action stems from Spreadbury's use of the Bitterroot Public Library in Hamilton, Montana.[1]  Specifically, in May or June, 2009, Spreadbury presented a document to the library staff that he wanted to be maintained in the library.  Defendant Nansu Roddy, the library's assistant director, refused Spreadbury's request.

Unsatisfied with Roddy's response, Spreadbury sought the assistance of the library's director.  On June 11, 2009, after Spreadbury had continued interactions with library staff, the director banned Spreadbury from access to the library.  Subsequently, Defendant Bob Brophy, the Chairman of the library board, issued a letter dated February 23, 2010, terminating Spreadbury's library privileges.

Not to be deterred, Spreadbury returned to the library on August 20, 2009.  Defendant Steve Snavely, a sergeant with the Hamilton Police Department, engaged Spreadbury and informed him he was trespassing on library premises.  Ultimately, Defendant Kenneth Bell, the Hamilton City Attorney, signed and filed a sworn criminal complaint charging Spreadbury with criminal trespass.  Spreadbury was found guilty of the charge after a jury trial.

---

[1]The Court notes Spreadbury filed a motion seeking leave to file a second amended complaint.  The present recommendation pertains only to claims in Spreadbury's amended complaint.  The Court will address the propriety of granting him leave to amend by separate order.

Later in 2009, Spreadbury confronted Roddy outside the library which led to Roddy obtaining an order of protection against Spreadbury from the Hamilton City Court. The order was affirmed on appeal to the state district court and ultimately to the Montana Supreme Court.

Based on Spreadbury's encounter with Roddy, he was also charged with felony intimidation. Spreadbury entered a plea of no contest and was convicted of the offense. At some point after Spreadbury was convicted on the intimidation charge, the prosecutors dismissed the earlier criminal trespass charge.

In 2010, Spreadbury filed civil lawsuits against Roddy and Bell in the Montana Twenty-First Judicial District Court, Ravalli County suing each of them for emotional distress damages. After both actions were dismissed Spreadbury appealed to the Montana Supreme Court.

Boone Karlberg is a private law firm that represented Roddy and Bell in the referenced civil actions. Spreadbury alleges that during the course of those proceedings Boone Karlberg filed pleadings and briefs — both in district court and the Montana Supreme Court — that contained false information. Specifically, he alleges Boone Karlberg reported that Spreadbury had been trespassing at the library even though Boone Karlberg knew the trespassing charge had been

dismissed.  Spreadbury also alleges William L. Crowley, an attorney at Boone Karlberg, falsely stated in pleadings that Spreadbury had threatened Bell.

Spreadbury advances 26 claims for relief against the various Defendants. His pleading sets forth claims under 42 U.S.C. § 1983 for violations of his rights under the United States Constitution.  He also pleads claims under Montana law for negligence, abuse of process, defamation, misrepresentation, malicious prosecution, tortious interference with prospective economic advantage, and negligent and intentional infliction of emotional distress.  Spreadbury requests injunctive relief, and an award of compensatory and punitive damages.

## II.   APPLICABLE LAW

### A.   Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted."  A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In addressing a Rule 12(b)(6) challenge, the court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the*

*Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). But, even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead initially. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Also, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id*. A plaintiff must set forth "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court's review on a motion filed under Rule 12(b)(6) is generally limited to the matters set forth in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9ᵗʰ Cir. 2001) (citation omitted). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Rule 12(b)(6), however, permits the court to consider certain limited materials beyond the face of the complaint without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9ᵗʰ Cir. 2003). The court may review "matters properly subject to judicial notice." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1096 (9ᵗʰ Cir. 2008) (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9ᵗʰ Cir. 2007)). Specifically, under Rule 12(b)(6) — in conjunction with Fed. R. Evid. 201 — the court may take judicial notice of court records and proceedings in a prior state court action. *Intri-Plex Technologies, Inc. v. The Crest Group, Inc.*, 499 F.3d 1048, 1052 (9ᵗʰ Cir. 2007).

## B.  Pro Se Pleadings

Because Spreadbury is proceeding pro se the Court must construe his
pleadings liberally, and the pleadings, "however inartfully pleaded, must be held
to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson
v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  *See also Neitzke v. Williams*,
490 U.S. 319, 330 n.9 (1989).

Although the Court has authority to dismiss a defective pleading,

a district court should grant leave to amend even if no request to amend the
pleading was made, unless it determines that the pleading could not possibly
be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,
58 F.3d 494, 497 (9th Cir. 1995)).

## C.  Application of Montana Law

Spreadbury has properly invoked the federal question jurisdiction of this
Court under 28 U.S.C. § 1331 by advancing a claim under 42 U.S.C. § 1983.
Thus, jurisdiction over Spreadbury's claims that are based on Montana law is
founded upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).
"[A] federal court exercising supplemental jurisdiction over state law claims is
bound to apply the law of the forum state to the same extent as if it were

exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000).

## III.  DISCUSSION

### A.  Boone Karlberg's Motion to Dismiss

#### 1.  Defamation

The substance of all of Spreadbury's claims pled against Boone Karlberg are entirely premised upon his contention that Boone Karlberg made defamatory statements against him.  The only factual allegations in Spreadbury's pleading expressly implicating any acts or omissions committed by Boone Karlberg allege that it made false statements against Spreadbury in the state district court and the Montana Supreme Court during the course of the civil legal proceedings involving Spreadbury, Roddy, and Bell.

In support of its motion to dismiss, Boone Karlberg attached copies of pleadings and documents filed in Spreadbury's following state court actions:

> *Spreadbury v. Nansu Roddy*, Cause No. DV-10-224, filed in the Montana Twenty-First Judicial District Court, Ravalli County; and

> *Spreadbury v. Kenneth Bell*, Cause No. DV-10-223, filed in the Montana Twenty-First Judicial District Court, Ravalli County.

Spreadbury does not oppose Boone Karlberg's submission of the state court documents, nor does he challenge their authenticity.  Accordingly, the Court will

take judicial notice of those documents.[2]  The documents reflect and confirm that Boone Karlberg represented Roddy and Bell in those actions.  Dkt. # 12-2 at 10-11; Dkt. # 12-3 at 8, 10.

Spreadbury's claims of defamation are governed by statutory law in Montana which states that defamation occurs through either libel or slander. Mont. Code Ann. § 27-1-801.  Libel and slander each involve an "unprivileged publication" or statement made about a person which causes harm to that person. Mont. Code Ann. §§ 27-1-802 and 803.

Certain publications or statements, however, are privileged and, therefore, do not constitute defamation.  Montana law provides that a "privileged publication" includes one made in any "judicial proceeding."  Mont. Code Ann. § 27-1-804(2).  Under section 27-1-804(2), "[i]t has long been held that statements made in a judicial proceeding are absolutely immune and a cause of action for defamation cannot be predicated thereon."  *Montana Bank of Circle, N.A.*, 769 P.2d 1208, 1213 (1989) (citing *Bollinger v. Jarrett*, 406 P.2d 834, 837 (1965)).

---

[2]Federal Rule of Evidence 201 permits the Court to take judicial notice of the judicial record of another court.  Specifically, a court may take judicial notice of other state or federal court proceedings.  *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).  *See also Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (allowing judicial notice of pleadings in other cases).

All of Spreadbury's allegations of defamation against Boone Karlberg are based on statements made by that firm's attorneys in pleadings or documents filed in the courts of the State of Montana. Because the alleged statements were made in judicial proceedings they are — as a matter of law — privileged under section 27-1-804(2) and cannot form the basis for a cause of action for defamation.

Spreadbury argues Boone Karlberg's statements in the state court documents were malicious and, therefore, not privileged by operation of Mont. Code Ann. § 27-1-804(4). Spreadbury's reliance on section 27-1-804(4) is misplaced because the statute is not applicable to the statements that Spreadbury alleges Boone Karlberg made in the judicial proceedings. Section 804(4) establishes that a privileged publication is one made "by a fair and true report without malice of a judicial, legislative, or other public official proceeding or anything said in the course thereof." Mont. Code Ann. § 27-1-804(4) (emphasis added). Section 27-1-804(4) thus provides immunity for a person who makes a report *of* a judicial proceeding if the report is without malice, but the statute does not apply to statements made *in* a judicial proceeding. In contrast, section 27-1-804(2) provides immunity for a person who makes a statement *in* a judicial proceeding without regard to whether the statement was or was not made with malice. Spreadbury's allegations establish that Boone Karlberg's challenged

publications are statements made *in* judicial proceedings, not malicious *reports of* judicial proceedings unprotected by section 27-1-804(4). Thus, Boone Karlberg is immune under Mont. Code Ann. § 27-1-804(2), and Spreadbury's defamation claim against Boone Karlberg (Count 16) should be dismissed.

Spreadbury further requests injunctive relief in Count 22 based on Boone Karlberg's alleged defamatory conduct. Specifically, he seeks an injunction barring it from making further defamatory statements "through the courts[.]" Dkt. # 10 at 26. Because Boone Karlberg's statements in judicial proceedings are privileged and do not subject it to liability for defamation, Spreadbury is not entitled to the injunctive relief he requests. Count 22 should be dismissed.

## 2. <u>Constitutional Rights - 42 U.S.C. § 1983</u>

Spreadbury advances vague allegations against Boone Karlberg for violations of his constitutional rights under 42 U.S.C. § 1983. Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state official or employee if the plaintiff

can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Section 1983, however, does not generally apply to the conduct of private parties. *Kirtley*, 326 F.3d at 1092. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Spreadbury's allegations acknowledge that Boone Karlberg is a private law firm incorporated under the laws of Montana — not a state governmental entity. In limited circumstances, however, a private party's conduct may constitute state action for purposes of imposing liability on a private party under section 1983. The Ninth Circuit Court of Appeals has recognized the following four tests used to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley*, 326 F.3d at 1092 (quotation omitted). The fundamental consideration in each test is whether the private conduct is fairly attributable to the state. *Id*.

In response to Boone Karlberg's motion to dismiss, Spreadbury argues Boone Karlberg's conduct qualifies as state action under each of the four tests. The Court disagrees.

### a.     Public Function

Under the public function test, a private actor's conduct qualifies as state action where the private actor is endowed with state powers or functions that are traditionally and exclusively governmental in nature. *Kirtley*, 326 F.3d at 1092.

Here, Spreadbury sues Boone Karlberg for its role as a private law firm engaged in the representation of Roddy and Bell in civil litigation prosecuted by Spreadbury. As a matter of law, Boone Karlberg's conduct in that capacity did not constitute the exercise of a state power, and did not serve a state function that is traditionally and exclusively governmental in nature. An attorney — even though hired by a governmental employee or entity and paid by government funds — serves only traditional private attorney functions and is not a state actor. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

### b.     Joint Action

A private individual may also "be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d

406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).  A joint action may exist where a state becomes interdependent with a private actor, and accepts the benefits of the private actor's conduct.  *Kirtley*, 326 F.3d at 1093.

Spreadbury alleges Boone Karlberg was involved in a conspiracy.  He contends it conspired with other individuals to defame him and deprive him of his constitutional rights.

To state a viable claim of a conspiracy to violate a plaintiff's constitutional rights under 42 U.S.C. § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy."  *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted).  The allegations "must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights."  *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1282, 1301 (9th Cir. 1999)).  Although it is not necessary that each participant in the conspiracy know the details of the conspiracy, a plaintiff must allege that each participant "at least share[s] the common objective of the conspiracy" — the objective to engage in unconstitutional conduct.  *Id*., 608 F.3d at 440 (quoting *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc)).

Spreadbury's allegations are insufficient to satisfy the standards for stating a viable conspiracy claim. Spreadbury does not plead any specific supporting factual matters which make it plausible to believe that a conspiracy existed. Rather, Spreadbury's allegations simply allege Boone Karlberg "acted in concert" with others, had a "common objective" to defame and violate constitutional rights, and engaged in "joint action" with the state officials. Spreadbury does not plead any factual matters which support these conclusory assertions. Instead, Spreadbury's allegations are nothing more than labels, conclusions, and the formulaic recitation of the elements of a conspiracy.

Conclusory allegations of a conspiracy are not sufficient to support a claim for state action and a violation of constitutional rights under section 1983. *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989). Specifically, private attorneys — such as Boone Karlberg — are not state actors, and conclusory allegations of an attorney's involvement in a conspiracy seeking to establish state action are insufficient. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). An attorney's role in representing a client in civil litigation and "[i]nvoking state legal procedures does not constitute 'joint action' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement." *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir.

1988). Therefore, Spreadbury's conclusory allegations against Boone Karlberg are insufficient as a matter of law.

### c.    Government Compulsion or Coercion

The compulsion or coercion test considers whether the state has coercively influenced or significantly encouraged private conduct. *Kirtley*, 326 F.3d at 1094.

Spreadbury's allegations against Boone Karlberg make clear that he bases his claims against the firm solely upon its conduct in representing Roddy and Bell in the civil actions filed by Spreadbury. Spreadbury's allegations only reference statements made by Boone Karlberg's attorneys in pleadings filed in these civil actions, and do not set forth any facts plausibly suggesting any compulsion or coercion by any state actor. Thus, Spreadbury's allegations are insufficient as a matter of law.

### d.    Governmental Nexus

A private party's conduct may be deemed state action if "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1095 (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001)).

Here, Spreadbury's allegations do not identify any factual support for a nexus theory. Boone Karlberg's role as opposing counsel representing individual

state actors sued by Spreadbury does not make it a state actor.  *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).  Spreadbury's allegations also do not suggest it is plausible that Boone Karlberg had any connection or involvement with the conduct of Roddy or Bell underlying Spreadbury's claims in the state civil actions.

For the reasons stated, the Court is compelled to conclude that Spreadbury's allegations establish Boone Karlberg is a private law firm, and not a state actor. Spreadbury's allegations fail to plead facts which would make it plausible that Boone Karlberg's conduct alleged in this action qualifies as state action under any of the four tests discussed above.  Consequently, Spreadbury's claims against Boone Karlberg under 42 U.S.C. § 1983 should be dismissed.

### 3. Negligence

Spreadbury advances a claim of common law negligence against Boone Karlberg.  A claim of negligence, however, depends upon a violation of a legal duty that the defendant owed to the plaintiff.  *Peterson v. Eichhorn*, 189 P.3d 615, 621 (Mont. 2008).  The existence of a legal duty is a question of law for the court's determination.  *Jackson v. State of Montana*, 956 P.2d 35, 42 (Mont. 1998).  Absent a legal duty, no cause of action for negligence can exist.  *Nautilus*

*Insurance Company v. First National Insurance, Inc.*, 837 P.2d 409, 411 (Mont. 1992).

Spreadbury's allegations of negligence are based entirely upon Boone Karlberg's purported defamatory statements made against Spreadbury during the course of the prior state court actions. Because Boone Karlberg's statements or publications in judicial proceedings are privileged, there exists no legal duty that bars Boone Karlberg from making the referenced statements. Because Boone Karlberg is immune from liability for defamation, the alleged defamatory statements cannot serve as a predicate basis for a claim of negligence. Absent a legal duty, Speadbury's claim of negligence fails.

### 4. Tortious Interference with Prospective Economic Advantage

Spreadbury alleges all Defendants "committed intentional and willful acts calculated to cause damage to Spreadbury's reputation, and prospective economic advantage." Dkt. # 10 at 17. He alleges Defendants' actions were for the "purpose of causing damage or loss [...] without right or justifiable cause[.]" *Id*.

Spreadbury's allegations track the elements of a cause of action for intentional interference with prospective economic advantage which require that a defendant's acts: "(1) are intentional and willful; (2) are calculated to cause damage to the plaintiff's business; (3) are done with the unlawful purpose of

causing damage or loss, without right or justifiable cause on the part of the actor; and (4) result in actual damages or loss." *Maloney v. Home and Investment Center, Inc.*, 994 P.2d 1124, 1132 (Mont. 2000).

Spreadbury's allegations are conclusory, and are nothing more than a formulaic recitation of the elements of a cause of action for interference. Spreadbury does not plead any specific facts regarding any business or economic advantage he had that was damaged by Boone Karlberg's conduct in representing Roddy and Bell, and his allegations do not include any facts suggesting it is plausible that Boone Karlberg engaged in conduct calculated to damage Spreadbury's business. Again, Spreadbury's allegations establish only that Boone Karlberg represented Roddy and Bell in civil actions commenced by Spreadbury. Also, because Spreadbury's defamation and conspiracy allegations are insufficient, they cannot form the predicate basis for his tortious interference claim. Spreadbury's deficient allegations fail to state a claim for relief and the cause of action should be dismissed.

### 5.    Negligent and Intentional Infliction of Emotional Distress

Spreadbury alleges all Defendants are liable for both negligent or intentional infliction of emotional distress because they unlawfully conspired to charge him with a crime, and publish defamatory statements against him.

The Montana Supreme Court has recognized independent causes of action for negligent or intentional infliction of emotional distress. The claims may be viable "under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's <u>negligent or intentional act or omission</u>." *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 426, 428-29 (Mont. 1995) (emphasis added).

Spreadbury's allegations are deficient under *Sacco* for two reasons. First, his allegations establish that Boone Karlberg was not involved in filing criminal charges against Spreadbury. Second, Spreadbury has failed to allege Boone Karlberg committed a negligent or intentional act or omission. As discussed above, Spreadbury's allegations are insufficient to allege that Boone Karlberg engaged in a conspiracy, or that it committed any negligent or intentional act as required under *Sacco*. Consequently, Spreadbury's allegations fail to state a claim for relief under either negligent or intentional infliction of emotional distress. Spreadbury's claims against Boone Karlberg in Counts 20 and 21 should be dismissed.

### 6. Punitive Damages

The Court recommends dismissal of all of Spreadbury's claims against Boone Karlberg. Therefore, absent a viable theory of recovery resulting in an

award of actual damages against Boone Karlberg, Spreadbury is not entitled to recover punitive damages, and that claim should be dismissed. *Doll v. Major Muffler Centers, Inc.*, 208 Mont. 401, 414, 687 P.2d 48, 55 (1984). *See also Peterson v. Eichhorn*, 189 P.3d 615, 624 (Mont. 2008) (noting that punitive damages are merely a component of recovery of an underlying theory of recovery).

## B. Spreadbury's Motion for Summary Judgment

Spreadbury moves for summary judgment against Boone Karlberg on the following claims for relief in his second amended complaint:[3]

(1) Count 8 (tortious interference with prospective economic advantage);

(2) Count 15 (negligence);

(3) Count 16 (defamation);

(4) Count 20 (intentional infliction of emotional distress);

(5) Count 21 (negligent infliction of emotional distress);

(6) Count 22 (injunctive relief); and

(7) Count 26 (punitive damages).

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As the plaintiff,

---

[3]Spreadbury's claims for relief identified as Counts 1 through 26 are the same in both his amended complaint and his second amended complaint.

Spreadbury bears the burden of persuasion at trial, and on summary judgment he bears the "initial burden of establishing the absence of a genuine issue of fact on each issue material to [his] case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

For the reasons discussed above, Spreadbury's allegations fail to state any claim for relief against Boone Karlberg. Consequently, his summary judgment motion similarly fails to demonstrate he is entitled to judgment as a matter of law.

Additionally, Spreadbury has not identified sufficient facts in support of his summary judgment motion demonstrating he is entitled to relief. Significantly, he has not established the absence of genuine issues of material facts with respect to all the elements of each claim for which he seeks summary judgment. Where a movant has failed to meet the initial summary judgment burden, the motion should be denied regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the

nonmoving party would have the ultimate burden of persuasion at trial. [Citations omitted.] In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Accordingly, Spreadbury's motion for summary judgment should be denied.

## IV.  CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Spreadbury's summary judgment motion be denied, and Boone Karlberg's motion to dismiss be granted. Spreadbury's claims against Boone Karlberg should be dismissed.

DATED this 21st day of July, 2011.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge