# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

MICHAEL E. SPREADBURY,                    CV 11-64-M-DWM-JCL

        Plaintiff,

    vs.

                              FINDINGS AND
BITTERROOT PUBLIC LIBRARY,                RECOMMENDATIONS
CITY OF HAMILTON,
LEE ENTERPRISES, INC.,
BOONE KARLBERG, P.C.,
DR. ROBERT BROPHY, TRISTA SMITH,
NANSU RODDY, JERRY STEELE,
STEVE SNAVELY, STEVEN BRUNER-MURPHY,
RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT,

        Defendants.

_____

Before the Court are the following motions:  (1) Defendant Lee Enterprises, Inc.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff Michael Spreadbury's complaint for failure to state a claim upon which relief can be granted; and (2) Plaintiff Spreadbury's Fed. R. Civ. P. 56 motion for summary judgment upon the claims he advances against Lee Enterprises.  For the reasons stated, the Court recommends that Lee Enterprises's motion be granted in part, but should be denied in all other respects.  Spreadbury's summary judgment motion should be denied.

1

## I.    BACKGROUND

The subject of this action stems from Spreadbury's use of the Bitterroot Public Library in Hamilton, Montana.[1]  Specifically, in May or June, 2009, Spreadbury presented a document to the library staff that he wanted to be maintained in the library.  Defendant Nansu Roddy, the library's assistant director, refused Spreadbury's request.

Unsatisfied with Roddy's response, Spreadbury sought the assistance of the library's director.  On June 11, 2009, after Spreadbury had continued interactions with library staff, the director banned Spreadbury from access to the library.  Subsequently, Defendant Bob Brophy, the Chairman of the library board, issued a letter dated February 23, 2010, terminating Spreadbury's library privileges.

Not to be deterred, Spreadbury returned to the library on August 20, 2009.  Defendant Steve Snavely, a sergeant with the Hamilton Police Department, engaged Spreadbury and informed him he was trespassing on library premises.  Ultimately, Defendant Kenneth Bell, the Hamilton City Attorney, signed and filed

---

[1]The Court notes Spreadbury filed a motion seeking leave to file a second amended complaint.  The present recommendation pertains only to claims in Spreadbury's amended complaint.  The Court will address the propriety of granting him leave to amend by separate order.

a sworn criminal complaint charging Spreadbury with criminal trespass. Spreadbury was found guilty of the charge after a jury trial.

Later in 2009, Spreadbury confronted Roddy outside the library which led to Roddy obtaining an order of protection against Spreadbury from the Hamilton City Court. The order was affirmed on appeal to the state district court and ultimately to the Montana Supreme Court.

Based on Spreadbury's encounter with Roddy, he was also charged with felony intimidation. Spreadbury entered a plea of no contest and was convicted of the offense. At some point after Spreadbury was convicted on the intimidation charge, the prosecutors dismissed the earlier criminal trespass charge.

Spreadbury was running as a candidate for mayor in Hamilton when some of the foregoing events transpired. Consequently, his conduct was reported in the news in Hamilton. The Ravalli Republic newspaper in Hamilton, an affiliate of Lee Enterprises, published a front page article about Spreadbury with the headline "Mayoral Candidate charged with Trespass." Dkt. #1 at 8. The Ravalli Republic also published the article on the internet. Spreadbury alleges comments were published online relative to the article which made derogatory statements about Spreadbury suggesting he suffers from psychological or psychiatric health issues and should undergo treatment.

Spreadbury went to the Ravalli Republic's business office in Hamilton to request that the publisher, Kristen Bounds, not publish any defamatory material about him. Staff in the office perceived Spreadbury as engaging in threatening conduct towards them, and they called the police. As a result, Defendant Ryan Oster, the Chief of Police, responded to the call for assistance and informed Spreadbury that he was to stay away from the newspaper office.

In August, 2010, Defendant Lee Enterprises again published four articles "pertaining to Spreadbury and criminal trespass on public property." Dkt. #1 at 10. Lee Enterprises also reported that Spreadbury was banned from the library, and that Roddy obtained an order of protection against him.

Spreadbury advances 26 claims for relief against the various Defendants. His pleading sets forth claims under 42 U.S.C. § 1983 for violations of his rights under the United States Constitution. He also pleads claims under Montana law for negligence, abuse of process, defamation, misrepresentation, malicious prosecution, tortious interference with prospective economic advantage, and negligent and intentional infliction of emotional distress. Spreadbury requests injunctive relief, and an award of compensatory and punitive damages.

## II.    APPLICABLE LAW

### A.  Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted."  A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In addressing a Rule 12(b)(6) challenge the court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party.  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  However, even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead initially. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Also, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. Plausibility does not equate with "probability," and it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id*. A plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B. Pro Se Pleadings**

Because Spreadbury is proceeding pro se the Court must construe his pleadings liberally, and the pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Although the Court has authority to dismiss a defective pleading,

6

a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### C.  Application of Montana Law

Spreadbury has properly invoked the federal question jurisdiction of this Court under 28 U.S.C. § 1331 by advancing a claim under 42 U.S.C. § 1983. Thus, jurisdiction over Spreadbury's claims that are based on Montana law is founded upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000).

## III.  DISCUSSION

### A.  Lee Enterprises' Motion to Dismiss

#### 1.  Defamation and Defamation Per Se

All of Spreadbury's claims pled against Lee Enterprises stem from defamatory articles he alleges it published about Spreadbury in its newspapers and

on the internet. His primary claim, therefore, alleges Lee Enterprises is liable for defamation.

Spreadbury's claims of defamation are governed by statutory law in Montana which states that defamation occurs through either libel or slander. Mont. Code Ann. § 27-1-801. Libel and slander each stem from an "unprivileged publication" or statement made about a person which causes harm to that person. Mont. Code Ann. §§ 27-1-802 and 803.

Certain publications or statements, however, are privileged and, therefore, do not constitute defamation. Montana law provides that a "privileged publication" includes one made "by a fair and true report without malice of a judicial, legislative, or other public official proceeding or of anything said in the course thereof." Mont. Code Ann. § 27-1-804(4). If there is no dispute about the content of the judicial proceedings on which a report is based, then the issue of whether a particular report is privileged is a question of law for the court. *Lence v. Hagadone Investment Co.*, 853 P.2d 1230, 1237 (Mont 1993), overruled on other grounds by *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 423-24, 429 (Mont. 1995). A newspaper's publication of articles describing allegations against an individual in a judicial proceeding are privileged publications as a matter of law under section 27-1-804(4). *Lence*, 853 P.2d at 1237. The privilege

protects reports of facts or allegations made in preliminary judicial proceedings even before the facts or allegations have been judicially acted upon. *Cox v. Lee Enterprises, Inc.*, 723 P.2d 238, 240 (Mont. 1986).

Spreadbury alleges Lee Enterprises published articles about judicial proceedings in which Spreadbury was involved. Specifically, Lee Enterprises reported that Spreadbury had been charged with criminal trespass, that an order of protection had been imposed against him, and that he was banned from the library and the ban was upheld in court. Spreadbury's own allegations establish that those specific matters are all events which actually occurred in judicial proceedings. Thus, although Spreadbury argues the trespass charges were improper, unfounded, and ultimately dismissed, the parties do not dispute the content of any of the judicial proceedings in which Spreadbury was involved and about which Lee Enterprises reported. Therefore, as a matter of law, Lee Enterprises' reports of those judicial proceedings were privileged under Mont. Code Ann. § 27-1-804(4).

Spreadbury further alleges Lee Enterprises published the articles at issue with malice. In defamation actions, malice is defined as the "reckless disregard for the truth but such malice does not include hatred, personal spite, ill-will, or a desire to injure." *Rasmussen v. Bennett*, 741 P.2d 755, 758 (Mont. 1987).

Spreadbury's allegations of malice are purely conclusory. Other than to allege the fact that Lee Enterprises published the articles, Spreadbury does not set forth any factual allegations suggesting it is plausible that Lee Enterprises published the articles maliciously. There are no supporting facts alleging Lee Enterprises acted with reckless disregard for the truth. Instead, he alleges he was charged with trespass, that he was involved in other judicial proceedings, and that Lee Enterprises reported those facts. Thus, he alleges that Lee Enterprises reported the truth. Therefore, Lee Enterprises' motion should be granted with regard to the articles it published as reports of Spreadbury's judicial proceedings.

As a separate matter, Spreadbury alleges Lee Enterprises is liable for defamatory "comments" published online regarding the articles Lee Enterprises published on the internet. Specifically, Spreadbury alleges Lee Enterprises published a comment stating he "suffers serious psychological problems and needs to seek help." Dkt. #10 at 8. He alleges another comment stated he "is ready for Warmsprings [sic] (referring to the Montana State Mental Hospital)." *Id*. Finally, in his claim for defamation (Count 19), Spreadbury alleges Lee Enterprises published these comments. *Id*. at 23.

Lee Enterprises does not address Spreadbury's allegations regarding these "comments" in its motion to dismiss. On the present record it is unclear whether

the "comments" are directly attributably to Lee Enterprises, or whether they

appeared on a "blog" available on most newspaper websites.  Therefore, with

liberal construction, and accepting the allegations as true, the Court concludes the

allegations at least state a claim of defamation upon which relief could be granted.

Lee Enterprises' motion should be denied with respect to the published

comments.[2]

Spreadbury further requests injunctive relief in Count 23 relative to Lee

Enterprises' conduct in publishing allegedly defamatory matters.  Because at least

a portion of Spreadbury's defamation claim survives Lee Enterprises' motion to

dismiss, the motion should also be denied with respect to his request for injunctive

relief.

Finally, Spreadbury alleges Lee Enterprises is liable for "defamation per

se."  Defamation per se exists when a private actor accuses an individual of

committing a crime.  *See McCusker v. Roberts*, 452 P.2d 408, 414 (Mont. 1969).

---

[2]The Court notes that if Spreadbury's allegations refer to comments posted
online by third parties, the federal Communications Decency Act at 47 U.S.C. §
230(c)(1) and (e)(3) may protect Lee Enterprises against liability for claims
advanced under state law, including claims for defamation.  *See Barnes v. Yahoo!,
Inc.*, 570 F.3d 1096, 1099-1102 (9th Cir. 2009); *Fair Housing Council of San
Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1173-74 (9th Cir.
2008); and *Miles v. Raycom Media, Inc.*, 2010 WL 3419438, *2-3 (S.D. Miss.
2010) (citing *Collins v. Purdue University*, 2010 WL 1250916, *14 (N.D. Ind.
2010)).

In those cases damages are presumed and no proof of special damages is required. *Blue Ridge Homes, Inc. v. Thein*, 191 P.3d 374, 382 (Mont. 2008).

Here, Spreadbury does not allege that Lee Enterprises independently accused Spreadbury of a crime. Rather, he alleges Lee Enterprises reported that the Hamilton City Attorney filed trespass charges against Spreadbury. As alleged by Spreadbury, all of Lee Enterprises' articles reported only about matters in judicial proceedings, i.e. accusations which others had made against Spreadbury. Thus, those reports are privileged under Mont. Code Ann. § 27-1-804(4), and are not defamation per se.

## 2. <u>Constitutional Rights - 42 U.S.C. § 1983</u>

Spreadbury advances vague allegations against Lee Enterprises for violations of his constitutional rights under 42 U.S.C. § 1983. His primary claim, however, appears to be that all Defendants have violated his First Amendment right "peaceably to assemble" on public property at the Bitterroot Public Library.

Section 1983 states, in part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Section 1983, however, does not generally apply to the conduct of private parties. *Kirtley*, 326 F.3d at 1092. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Spreadbury's allegations acknowledge that Lee Enterprises is a private Montana corporation — not a state governmental entity. In limited circumstances, however, a private party's conduct may constitute state action for purposes of imposing liability on a private party under section 1983. The Ninth Circuit Court of Appeals has recognized the following four tests used to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley*, 326

F.3d at 1092 (quotation omitted). The fundamental consideration in each test is whether the private conduct is fairly attributable to the state. *Id*.

In response to Lee Enterprises' motion to dismiss, Spreadbury argues only that Lee Enterprises acted in concert with, or conspired with the other Defendants to defame him and deprive him of his constitutional rights to due process, liberty, and peaceful assembly. But, the Court finds Spreadbury's allegations in his pleading do not set forth any facts to support his joint action or conspiracy arguments.

A private individual may "be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)). A joint action may exist where a state becomes interdependent with a private actor, and accepts the benefits of the private actor's conduct. *Kirtley*, 326 F.3d at 1093.

To state a viable claim of a conspiracy to violate a plaintiff's constitutional rights under 42 U.S.C. § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The allegations "must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting

*Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1282, 1301 (9th

Cir. 1999)).  Although it is not necessary that each participant in the conspiracy

know the details of the conspiracy, a plaintiff must allege that each participant "at

least share[s] the common objective of the conspiracy" — specifically, the

objective to engage in unconstitutional conduct.  *Id*., 608 F.3d at 440 (quoting

*United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th

Cir. 1989) (en banc)).

Spreadbury's allegations are insufficient to satisfy the standards for stating a

viable conspiracy claim, or joint action theory.  Spreadbury does not plead any

specific supporting factual matters which make it plausible to believe that Lee

Enterprises acted jointly with the other defendants to deprive him of his rights.

His allegations establish that Lee Enterprises was not involved in either the events

surrounding Spreadbury's conduct towards any staff members at the library, the

order of protection obtained against him, or the criminal prosecutions for trespass

and intimidation.  Spreadbury's only allegations against Lee Enterprises state that

it published news articles and comments about Spreadbury's conduct as alleged in

the judicial proceedings against him.  Those allegations are wholly insufficient.

Spreadbury also suggests Lee Enterprises acted jointly with Chief of Police

Oster.  Staff members at the Ravalli Republic business office called the police to

requesting that the police remove Spreadbury from the office in Hamilton because Spreadbury was threatening them. These allegations, however, are insufficient. A private party's conduct in summoning police to address an individual perceived as threatening does not rise to the level of joint action or a conspiracy. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-900 (9th Cir. 2008). Bare allegations of joint action are insufficient to overcome a motion to dismiss. *Id*.

Spreadbury's allegations of joint action or conspiracy are otherwise purely conclusory. He simply alleges the Defendants all "conspired" to deprive him of his constitutional rights. Spreadbury's allegations, therefore, are nothing more than labels and conclusions. Conclusory allegations of a conspiracy are not sufficient to support a claim for state action and a violation of constitutional rights under section 1983. *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Based on the foregoing, and as a matter of law, Spreadbury's allegations are insufficient and do not plausibly establish that Lee Enterprises' conduct, as alleged by Spreadbury, qualifies as state action for purposes of any claim under section 1983. Consequently, Spreadbury's claims under 42 U.S.C. § 1983 should be dismissed.

### 3.    Negligence and Negligence Per Se

Spreadbury advances a claim of common law negligence against Lee Enterprises. "Negligence is the failure to use the degree of care that an ordinarily prudent person would have used under the same circumstance." *Barr v. Great Falls International Airport Authority*, 107 P.3d 471, 477 (Mont. 2005).

> To maintain an action in negligence, the plaintiff must prove four essential elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted.

*Peterson v. Eichhorn*, 189 P.3d 615, 620-21 (Mont. 2008).

Spreadbury's claim for negligence (Count 18) includes his allegations regarding Lee Enterprises' alleged conduct in publishing defamatory comments about Spreadbury on the internet. For the reasons stated above, those allegations are sufficient to state a claim of defamation. Thus, with liberal construction, Spreadbury's pleading sufficiently alleges Lee Enterprises failed to use the degree of care that an ordinarily prudent person would have used under the same circumstance. Spreadbury's pleading further alleges Lee Enterprises' conduct caused damages to him. Thus, Lee Enterprises' motion should be denied as to Spreadbury's claim for negligence.

Spreadbury further alleges Lee Enterprises is liable for negligence per se. That cause of action exists where a defendant fails "to comply with a legal

mandate." *Doyle v. Clark*, ___ P.3d ___, 2011 WL 2162891, *6 (Mont. 2011) (citation omitted). Allegations in support of a claim for negligence per se must establish:

> (1) that the defendant violated a particular statute; (2) that the statute was enacted to protect a specific class of persons; (3) that the plaintiff is a member of the class; (4) that the plaintiff's injury is the kind of injury that the statute was enacted to prevent; and (5) that the statute was intended to regulate members of the defendant's class.

*Doyle*, at *6. Additionally, the statute allegedly violated must provide for a private right of action. *Id*. (citations omitted).

Here, Spreadbury's allegations do not assert any facts in support of any of the elements of a claim for negligence per se. Significantly, Spreadbury does not identify any statute that Lee Enterprises violated. As a matter of law, the defamation statutes at Mont. Code Ann. §§ 27-1-801 through 804 do not meet the elements of negligence per se, and Spreadbury does not allege that they do. Therefore, the claim for negligence per se should be dismissed.

### 4. Tortious Interference with Prospective Economic Advantage

Spreadbury alleges all Defendants "committed intentional and willful acts calculated to cause damage to Spreadbury's reputation, and prospective economic

advantage." Dkt. # 10 at 17.  He alleges Defendants' actions were for the

"purpose of causing damage or loss [...] without right or justifiable cause[.]"  *Id.*

Spreadbury's allegations track the elements of a cause of action for

intentional interference with prospective economic advantage which require that a

defendant's acts: "(1) are intentional and willful; (2) are calculated to cause

damage to the plaintiff's business; (3) are done with the unlawful purpose of

causing damage or loss, without right or justifiable cause on the part of the actor;

and (4) result in actual damages or loss."  *Maloney v. Home and Investment

Center, Inc.*, 994 P.2d 1124, 1132 (Mont. 2000).

Spreadbury's allegations against Lee Enterprises at least state a claim for

relief.  He alleges the "comments" it published on the internet in September 2009,

interfered with his candidacy for mayor, which election apparently occurred on

November 3, 2009.  Dkt. #10 at 11.  Liberally construed, Spreadbury's claim for

tortious interference, taken as true, is sufficient on its face.  Lee Enterprises'

motion should be denied in this respect.

### 5.  <u>Negligent and Intentional Infliction of Emotional Distress</u>

Spreadbury alleges all Defendants are liable for both negligent or

intentional infliction of emotional distress because they unlawfully conspired to

charge him with a crime, and publish defamatory statements against him.

19

The Montana Supreme Court has recognized independent causes of action for negligent or intentional infliction of emotional distress. The claims may be viable "under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's <u>negligent or intentional act or omission</u>." *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 426, 428-29 (Mont. 1995) (emphasis added).

Spreadbury's allegations against Lee Enterprises, accepted as true, are sufficient to state claims for negligent or intentional infliction of emotional distress. His claims for negligence, defamation, or tortious interference, if proven, are sufficient predict "negligent or intentional act[s] or omission[s]" in support of his claims for emotional distress.

In support of its motion to dismiss under Rule 12(b)(6), Lee Enterprises also argues Spreadbury's claims for emotional distress should be dismissed because Spreadbury has failed to meet "his burden of presenting material and substantial evidence to support his claim[s] for emotional distress." Dkt. #7 at 21. Lee Enterprises' argument is premature, and procedurally irrelevant.

Lee Enterprises is correct that ultimately Spreadbury must satisfy a strict standard of evidentiary proof to succeed on his emotional distress claims. He must prove, as a factual matter, that the emotional distress he suffered was "so severe

that no reasonable person could be expected to endure it." *Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 222 (Mont. 2008) (quoting *Sacco*, 896 P.2d at 425-426, 428-29). *See also Renville v. Fredrickson*, 101 P.3d 773, 775-76 (Mont. 2004) (discussing standard for severity and seriousness). Spreadbury will have "to make a threshold [evidentiary] showing to the court that his emotional distress is 'serious or severe' in order to proceed to trial." *Jacobsen v. Allstate Ins. Co.,* 215 P.3d 649, 663 (Mont. 2009) (citing *Sacco*, 896 P.2d at 427). The Court will then "determine whether[,] on the evidence[,] severe or serious emotional distress can be found; [and, if so,] it is for the jury to determine whether, on the evidence, it has in fact existed." *Sacco*, 896 P.2d at 425 and 429.

These evidentiary standards, however, are inapplicable to Lee Enterprises' Rule 12(b)(6) motion to dismiss. Rather, at this stage of these proceedings Spreadbury need only allege he has suffered serious or severe emotional distress. Spreadbury alleges he has suffered from severe "fright, anguish, shock, nervousness, and anxiety." Dkt. #10 at 12. Accepted as true, these allegations are sufficient to state a claim for negligent or intentional infliction of emotional distress. *See Sacco*, 896 P.2d at 426. Therefore, Lee Enterprises' motion should be denied in this respect.

### 6. <u>Punitive Damages</u>

21

Under Montana law, a defendant may be liable for punitive damages where the defendant is found to have acted with actual fraud or actual malice. Mont. Code Ann. § 27-1-221(1). Actual malice exists "if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:

> (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or

> (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff."

Mont. Code Ann. § 27-1-221(2).

Here, Spreadbury alleges all Defendants acted with actual malice. He further alleges Defendants acted with "deliberate disregard of [a] high degree of probability" of harm to him. Dkt. #10 at 13.

Liberally construing Spreadbury's allegations, and accepting them as true, the Court concludes he has at least stated a claim for punitive damages. Lee Enterprises' motion should be denied in this respect.

## B. **Spreadbury's Motion for Summary Judgment**

Spreadbury moves for summary judgment against Lee Enterprises on the following claims for relief in his second amended complaint:[3]

(1) Count 8 (tortious interference with prospective economic advantage);

(2) Count 18 (negligence);

(3) Count 19 (defamation);

(4) Count 20 (intentional infliction of emotional distress);

(5) Count 21 (negligent infliction of emotional distress);

(6) Count 23 (injunctive relief); and

(7) Count 26 (punitive damages).

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As the plaintiff, Spreadbury bears the burden of persuasion at trial, and on summary judgment he bears the "initial burden of establishing the absence of a genuine issue of fact on each issue material to [his] case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

_____

[3]Spreadbury's claims for relief identified as Counts 1 through 26 are the same in both his amended complaint and his second amended complaint.

those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

For the reasons discussed above, Spreadbury's allegations fail to state a claim for relief against Lee Enterprises for negligence per se, for defamation per se, or for a violation of his constitutional rights under 42 U.S.C. § 1983. Consequently, his summary judgment motion with respect to those claims fails to demonstrate he is entitled to judgment as a matter of law.

Additionally, with regard to all of Spreadbury's claims for relief, he has not identified any facts in support of his summary judgment motion, and he has not established the absence of genuine issues of material facts with respect to all the elements of each claim for which he seeks summary judgment. Where a movant has failed to meet the initial summary judgment burden, the motion should be denied regardless of the nonmovant's response.[4] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

_____

[4]The Court recognizes Lee Enterprises has submitted numerous evidentiary matters in opposition to Spreadbury's summary judgment motion. It is not necessary for the Court to review that evidence because Spreadbury's motion fails on its face. Furthermore, Lee Enterprise has not moved for summary judgment at this time.

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. [Citations omitted.] In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Accordingly, Spreadbury's motion for summary judgment should be denied.

## IV.    CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Spreadbury's summary judgment motion be denied.

IT IS FURTHER RECOMMENDED that Lee Enterprises' motion to dismiss be granted as to Spreadbury's following claims against Lee Enterprises: (1) 42 U.S.C. § 1983 claims; (2) defamation claims based on Lee Enterprises' reports of Spreadbury's judicial proceedings; (3) defamation per se; and (4) negligence per se. Those claims should be dismissed. Lee Enterprises' motion should be denied in all further respects.

DATED this 28th day of July, 2011.


                                         /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge