# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

MICHAEL E. SPREADBURY,  CV 11-64-M-DWM-JCL

      Plaintiff,

vs.

BITTERROOT PUBLIC LIBRARY,    FINDINGS AND
CITY OF HAMILTON,                         RECOMMENDATIONS
LEE ENTERPRISES, INC.,
BOONE KARLBERG, P.C.,
DR. ROBERT BROPHY, TRISTA SMITH,
NANSU RODDY, JERRY STEELE,
STEVE SNAVELY, STEVEN BRUNER-MURPHY,
RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT,

      Defendants.

_____

      Before the Court is Plaintiff Michael Spreadbury's Fed. R. Civ. P. 56 motion for summary judgment upon the claims he advances against Defendants Bitterroot Public Library and City of Hamilton. For the reasons stated, the Court recommends that the motion be denied.

      The background facts giving rise to this action are recited in the Court's findings and recommendation entered July 21, 2011, and need not be restated for purposes of resolving Spreadbury's motion for summary judgment. Suffice it to

1

say that Spreadbury advances 26 claims for relief against the various Defendants named in this action, including the City of Hamilton and the Bitterroot Public Library. His pleading sets forth claims under 42 U.S.C. § 1983 for violations of his rights under the United States Constitution. He also pleads claims under Montana law for negligence, abuse of process, defamation, misrepresentation, malicious prosecution, tortious interference with prospective economic advantage, and negligent and intentional infliction of emotional distress. Spreadbury requests injunctive relief, and an award of compensatory and punitive damages.

Spreadbury moves for summary judgment against the Bitterroot Public Library and the City of Hamilton on the following claims for relief in his second amended complaint:[1]

(1) Counts 1, 11, 12, 13 (negligence);

(2) Count 2 (abuse of process);

(3) Count 3 (procedural due process);

(4) Count 5 (misrepresentation);

---

[1]The Court notes Spreadbury filed a motion seeking leave to file a second amended complaint. The Court will address the propriety of granting him leave to amend by separate order. But since Spreadbury's claims for relief identified as Counts 1 through 26 are the same in both his amended complaint and his second amended complaint, the Court will address Spreadbury's motion as it pertains to the claims for relief in his amended complaint.

(5) Count 6 (freedom of speech);

(6) Count 7 (malicious prosecution);

(7) Counts 9, 10, and 14 (First, Fifth, and Fourteenth Amendments);

(8) Count 17 (defamation);

(9) Counts 20 and 21 (negligent or intentional infliction of emotional distress);

(10) Count 25 (injunctive relief); and

(11) Count 26 (punitive damages).

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As the plaintiff, Spreadbury bears the burden of persuasion at trial, and on summary judgment he bears the "initial burden of establishing the absence of a genuine issue of fact on each issue material to [his] case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

Furthermore, under the Local Rules of Procedure, a party moving for summary judgment must file a statement of undisputed facts in support of the motion. L.R. 56.1(a). The moving party's statement must set forth "each fact on which the party relies to support the motion[,]" and it must "cite a specific pleading, deposition, answer to interrogatory, admission or affidavit before the Court to support each fact[.]" L.R. 56.1(a)(1) and (2).

Review of Spreadbury's summary judgment motion reflects he has failed to satisfy the initial burden imposed upon him as the moving party. Spreadbury has also failed to file a statement of undisputed facts as required. Spreadbury merely presents arguments in his brief in support of his summary judgment motion — he argues that, as alleged in his pleading, the Bitterroot Public Library and the City of Hamilton are liable under the claims on which he requests summary judgment. Significantly, he does not identify any evidence of record in supports his arguments.

The Court notes Spreadbury does refer to admissions in the joint answer filed by the Bitterroot Public Library and the City of Hamilton. But, the admissions he identifies do not support and establish all the elements of liability for each of Spreadbury's claims against those Defendants on which he requests summary judgment.

4

Furthermore, even considering Spreadbury's arguments based on these Defendants' admissions in their answer, Spreadbury misrepresents the substance of those admissions. For example, he argues these Defendants "admitted to prosecuting Spreadbury for peaceful assembly on public property." Dkt. #30 at 3. Defendants' admissions to which Spreadbury cites, however, merely admit that Spreadbury was charged with criminal trespass. *See* Dkt. #2 at ¶¶ 21 and 57. They do not admit that they prosecuted Spreadbury in violation of his constitutional rights.

In sum, the fundamental defect in Spreadbury's summary judgment motion is that he does not identify any factual matters or evidentiary materials in support of his arguments for summary judgment on his claims for relief. He has not established the absence of genuine issues of material facts with respect to all the elements of each claim for which he seeks summary judgment. Where a movant has failed to meet the initial summary judgment burden, the motion should be denied regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. [Citations omitted.] In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

The Court recognizes that Defendants Bitterroot Public Library and the City of Hamilton have submitted a lengthy brief in opposition to Spreadbury's summary judgment motion in which they detail all the defects in Spreadbury's motion. Specifically, Defendants demonstrate how Spreadbury has mischaracterized and inaccurately paraphrased the text and substance of their admissions in their answer. Spreadbury's motion, however, wholly fails on its face to satisfy his summary judgment burden and, therefore, it is not necessary for the Court to discuss all the deficiencies in his motion as identified by the Defendants.

Accordingly, based on the foregoing, IT IS RECOMMENDED that Spreadbury's summary judgment motion be denied.

DATED this 28th day of July, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge