
FILED
SEP 27 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL E. SPREADBURY, | ) | CV 11-64-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BITTERROOT PUBLIC LIBRARY, | ) | |
| CITY OF HAMILTON, | ) | |
| LEE ENTERPRISES, INC., and | ) | |
| BOONE KARLBERG P.C. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

July 21, 2011, Magistrate Judge Lynch entered Findings and

Recommendations as to the dispute between Plaintiff Michael E. Spreadbury and

-1-

Defendant Boone Karlberg, P.C. (dkt # 67). Judge Lynch recommended this Court grant Boone Karlberg's 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted (dkt # 11), and deny Plaintiff Michael E. Spreadbury's motion for summary judgment on his claims against Boone Karlberg (dkt # 50). Spreadbury timely objected to the Findings and Recommendation on August 4, 2011 (dkt # 80), and Boone Karlberg filed a response to Spreadbury's objection (dkt # 81). Spreadbury is entitled to *de novo* review of those findings or recommendations to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Spreadbury alleges that Boone Karlberg, P.C. filed pleadings and briefs in state district court and the Montana Supreme Court that contained false information about Spreadbury (Second Amended Complaint, ¶¶ 59, 60, 62, 63, dkt # 90). Spreadbury's claims against Boone Karlberg all arise from this allegation. The claims asserted are defamation, violation of his constitutional rights under § 1983, negligence, tortious interference with prospective economic advantage, and negligent and intentional infliction of emotional distress.

Judge Lynch found that all the claims against Boone Karlberg should be

dismissed for failure to state a claim upon which relief can be granted because Boone Karlberg's statements were absolutely privileged, Boone Karlberg's conduct does not qualify as state action, and Spreadbury alleged no specific facts to support his claim that Boone Karlberg engaged in a conspiracy. Spreadbury argues that Judge Lynch incorrectly interpreted Montana's privilege statute, that Boone Karlberg acted under color of law, and that he should have been granted an opportunity to amend his complaint.

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendations in full. The procedural and factual background of the case will not be restated here as the parties are familiar with it, and it is described in the adopted Findings and Recommendations.

I.

Under Montana Code Annotated § 27-1-801, defamation is effected by libel or slander. Libel and slander both require that there be a "false and *unprivileged* publication." Mont. Code Ann. §§ 27-1-802 and -803 (emphasis added). The Montana Code Annotated lists four types of publication that are privileged and so cannot constitute defamation. § 27-1-804. Section 27-1-804(2) applies here: "A privileged publication is one made...(2) in any legislative or judicial proceeding or in any other official proceeding authorized by law." Lack of malice is not required

for a statement to be privileged under § 27-1-804(2). Skinner v. Pistoria, 633 P.2d 672, 675–76 (Mont. 1981)("From the language used in this particular subsection, the privilege conferred is absolute and is therefore unaffected by the presence of malice").

Plaintiff appears to rely on § 27-1-804(4) in arguing that Boone Karlberg's statements, if made with malice, would not be privileged. This section, unlike § 27-1-804(2), requires that a "report.. of a judicial, legislative, or other public official proceeding" be "without malice." § 27-1-804(4).

As discussed by Judge Lynch, § 27-1-804(2) applies to statements made *in* judicial proceedings, and § 27-1-804(4) applies to reports *of* judicial proceedings. "Judicial proceedings" include pleadings filed with a court, even if they have not yet been acted on by the court. Cox v. Lee Enterprises, Inc., 723 P.2d 238, 240 (Mont. 1986). Pleadings are a "step taken in a court of justice in the prosecution or defense of an action" and are thus *in* judicial proceedings. Id. (quoting Black's Law Dictionary, 986 (4th ed. 1968)). A second-hand account of what the pleadings say, such as a newspaper story describing a complaint, is an example of a report *of* judicial proceedings. See id.

Under § 27-1-802(2), Montana grants absolute immunity for statements made in judicial proceedings, even if they cause harm:

> We recognize that unfounded and harmful charges cast under a shield of immunity may in some situations cause real and substantial injury. Nonetheless, the broad policy considerations supporting this immunity have been determined by the legislature to outweigh the likelihood that victims of defamatory statements may be denied appropriate redress.

Skinner, 633 P.2d at 676. The statements made by Boone Karlberg all appeared in pleadings. (Second Amended Complaint, ¶¶ 59, 60, 62, 63, 163). Thus, they are privileged under § 27-1-804(2), and it is irrelevant whether they were motivated by malice. No facts could sustain a defamation claim against Boone Karlberg for absolutely privileged statements. For the same reason, this Court cannot enjoin future statements by Boone Karlberg that are made in the context of court proceedings.

Thus, there is no clear error in Judge Lynch's recommendation to dismiss counts 16 (defamation) and 22 (injunctive relief).

II

Nor is there clear error in Judge Lynch's dismissal of the negligence, negligent infliction of emotional distress, tortious interference with prospective economic advantage, and intentional infliction of emotional distress claims. Boone Karlberg's absolutely privileged statements cannot serve as a basis for these claims, and even if they could, Spreadbury has alleged no facts that would

support the claims.

Montana's judicial proceedings privilege would not be absolute if plaintiffs could simply call an allegation that is essentially a defamation claim a different name and be allowed to plead it. The Montana Supreme Court has relied on the Restatement (Second) of Torts' broad definition of the privilege. E.g. Sacco v. High Country Independent Press, Inc., 896 P.2d 411, 430 (Mont. 1995). The Restatement states:

> An attorney at law is *absolutely privileged* to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

Restatement (Second) of Torts, § 586 (emphasis edded). Though the Montana Supreme Court does not appear to have considered the issue, it would likely extend this privilege to claims besides defamation that also seek relief for an attorney's "publi[cation of] defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." Id.

Overwhelming authority from other jurisdictions supports this approach. E.g. Campbell v. Castle Stone Homes, Inc., 2011 WL 902637 (D. Utah

2011)(noting that Utah courts apply the judicial proceedings privilege to claims besides defamation, including intentional interference with business relations, invasion of privacy, and intentional infliction of emotional distress); Laub v. Pesikoff, 979 S.W.2d 686, 691–92 (Tex. App. 1998)(the privilege applies where "the essence" of the claim is that the claimant "suffered injury as a result of the *communication* of allegedly false statements during a judicial proceeding"); DeLaurentis v. City of New Haven, 597 A.2d 807, 826–27 (Conn. 1991)(extending the common law privilege for statements made in a judicial proceeding to intentional infliction of emotional distress claims).

Where a claim is based on the same acts and injury as a defamation claim, extending the judicial proceedings privilege protects the judicial process itself. If plaintiffs could simply substitute a defamation claim with negligent or intentional infliction of emotional distress or negligence in order to evade the privilege, "the privilege we have held protects defendant from an action for defamation would be eviscerated, and the public policy providing advocates the security to zealously pursue cases on behalf of their clients would be completely undermined." Jones v. Coward, 666 S.E.2d 877, 880 (N.C. App. 2008). See also Barker v. Huang, 610 A.3d 1341, 1348–49 (Del. 1992)("The absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional

infliction of emotional distress' or 'invasion of privacy' could void its effect."); Silberg v. Anderson, 786 P.2d 365 (Cal. 1990) (the privilege "immuniz[es] participants from liability for torts arising from communications made during judicial proceedings" in order to promote the effectiveness of judicial proceedings by encouraging open communication).

Thus, there is no clear error in Judge Lynch's recommendation to dismiss counts 8 (tortious interference), 15 (negligence), 20 (intentional infliction of emotional distress), and 21 (negligent infliction of emotional distress).

III.

In his Objection, Spreadbury next contends that Boone Karlberg, acting under the color of law engaged in both civil and criminal conspiracy to defame Spreadbury and deprive him of his constitutional rights. Spreadbury alleges this violated his constitutional rights under 42 U.S.C. § 1983. Section 1983 states, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. A plaintiff can bring a claim under § 1983 against a state

official or employee if the plaintiff can establish that person was acting under the color of state law and deprived the plaintiff of a federal right. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). However, § 1983 does not generally apply to the conduct of private parties. Id. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Caviness v. Horizon Community Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010)(quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Though private actors are generally not liable under § 1983, they may be if their conduct qualifies as "state action."

Spreadbury contends that, though Boone Karlberg is not a state actor, its conduct constitutes state action for the purpose of imposing liability on a private party. The Ninth Circuit has recognized the following four tests to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley, 326 F.3d at 1092 (quotation omitted). Spreadbury argues that the conduct of Boone Karlberg meets the requirements for state action under both the joint action and nexus tests. Pl.'s Objection (dkt # 80 at 2).

A private individual may be liable under § 1983 "if she conspired or entered joint action with a state actor," Crowe v. Co. of San Diego, 608 F.3d 406, 440 (9th

Cir. 2010)(quoting Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002)), or the state accepts the benefits of the private actor's conduct, Kirtley, 326 F.3d at 1093. To state a viable claim of conspiracy that violates a plaintiff's constitutional rights under 42 U.S.C. § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." Burns v. Co. of King, 883 F.3d 819, 821 (9th Cir. 1989)(citation omitted). "[M]ere invocation of state judicial process ... does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy § 1983's state action requirement." Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988).

Spreadbury has failed to allege specific facts to support the existence of the conspiracy between Boone Karlberg and the state. Spreadbury only alleges that the two engaged in "joint action" and that Boone Karlberg's action "constitutes civil, criminal conspiracy." Pl.'s Objection (dkt # 80 at 4). Because these statements provide no specific facts, Spreadbury's allegations regarding conspiracy between Boone Karlberg and the state are simply conclusory assertions. Conclusory allegations of conspiracy are not sufficient to support a claim for state action and a violation of constitutional rights under § 1983. Woodrum v. Woodward Co., Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). Therefore, as a matter of law, Spreadbury has failed to allege conspiracy

amounting to joint action between Boone Karlberg and the state.

Spreadbury also contends that Boone Karlberg's conduct constitutes state action based on the "nexus test." A private party's conduct may be deemed state action if "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Kirtley, 326 F.3d at 1095 (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001)). The only fact that Spreadbury asserts is that Boone Karlberg represented Bell and Roddy. Pl.'s Objection (dkt # 80 at 4). However, as Judge Lynch discussed, Boone Karlberg's role as opposing counsel representing individual state actors is insufficient to make it a state actor. See Miranda v. Clark Co., Nev., 319 F.3d 465, 468 (9th Cir. 2003). Even though the government may hire and pay an attorney, a traditional lawyer role controls and the attorney's function is "to represent his client, not the interests of the state . . . ." Id.

Additionally, Spreadbury's claims under the Stigma-Plus analysis would not apply to Boone Karlberg. The first prong of this analysis requires the stigmatizing action, such as a false allegation, be performed by a state official. Paul v. Davis, 424 U.S. 693, 698 (1976). However, if a private individual makes the allegations about the plaintiff, the plaintiff may have a claim for defamation under state law.

Id. Because it has been determined that Boone Karlberg was not acting under the color of the law during these proceedings, the stigma-plus analysis does not apply. Spreadbury did make a claim under state law for defamation and, for the reasons stated above, that defamation claim is not sustainable because of the privileged nature of the statements.

For the reasons stated, Spreadbury does not provide any facts from which one could plausibly determine that Boone Karlberg's alleged conduct qualifies as state action under any of the four tests, including the two Spreadbury specifically suggests in his Objection. Because claims under 42 U.S.C. § 1983 are based on conduct of a state actor and state action has not been shown here, Spreadbury's claims against Boone Karlberg under 42 U.S.C. § 1983 are dismissed.

## IV.

Spreadbury's final contention is that he should have been granted leave to amend his complaint prior to dismissal in order to address any deficiencies. As Judge Lynch states, the Court has the authority to dismiss a defective pleading, but

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleadings could not possibly be cured by the allegation of other facts.

Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). The record does not indicate the

existence of any set of facts on which Plaintiff could make a plausible argument that the allegedly false statements made by Boone Karlberg were not protected by privilege. Because all of Plaintiff's other claims stem from this determination, the pleadings could not possibly be cured by allegations of other facts.

Finally, the Court notes that Judge Lynch did not address the fraud claim Spreadbury mentions in his Objection. This claim was only cursorily mentioned in the introduction paragraph of Plaintiff's Second Amended Complaint (dkt # 21) and not mentioned at all in Plaintiff's Motion for Summary Judgment (dkt # 50). Additionally, in the Notice (dkt # 29) alleging the claim, Spreadbury only references the Bitterroot Public Library and the City of Hamilton and does not state with particularity the circumstances constituting fraud by Boone Karlberg.

I find no clear error in Judge Lynch's remaining findings and recommendations.

V.

For all the above reasons, the Findings and Recommendation (dkt # 67) are hereby ADOPTED, Plaintiff Spreadbury's Motion for Summary Judgment (dkt # 50) is DENIED, and Defendant Boone Karlberg's Motion to Dismiss (dkt # 11) is GRANTED. Spreadbury's claims against Boone Karlberg, counts 8 (tortious interference with prospective economic advantage), 15 (negligence), 16

-13-

(defamation), 20 (intentional infliction of emotional distress), 21 (negligent infliction of emotional distress), 22 (injunctive relief) and 26 (punitive damages), are DISMISSED.

Dated this 27th day of September, 2011.

_____
Donald W. Molloy, District Judge
United States District Court