**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

---

MICHAEL E. SPREADBURY,

Plaintiff,

vs.

BITTERROOT PUBLIC LIBRARY,
CITY OF HAMILTON,
LEE ENTERPRISES, INC.,
BOONE KARLBERG P.C.
DR. ROBERT BROPHY, TRISTA SMITH,
NANSU RODDY, JERRY STEELE,
STEVE SNAVELY, STEVEN
BRUNER-MURPHY, RYAN OSTER,
KENNETH S. BELL, and JENNIFER LINT,

Defendants.

CV 11-64-M-DWM-JCL

ORDER

---

Before the Court is Defendants Bitterroot Public Library and City of Hamilton's request, under Fed. R. Civ. P. 37(a)(5), for an award of the fees and expenses they incurred in filing two motions to compel Plaintiff Michael Spreadbury to respond to their discovery requests. The Court held a hearing on September 14, 2011, with respect to the issue of an award of fees and expenses as requested. For the reasons discussed, Defendants' motion for fees and expenses is granted.

## I. BACKGROUND

Defendants moved to compel Plaintiff to respond to interrogatories they served upon him. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), they also requested an award of the attorneys fees they incurred in pursuing the motion to compel. By Order entered July 25, 2011, the Court granted Defendants' motion to compel. Despite the referenced Order, however, Plaintiff did not provide any responses to Defendants' interrogatories.

Then, on August 9, 2011, Defendants filed a motion under Fed. R. Civ. P. 37(b)(2)(A) requesting the Court again issue an order compelling Plaintiff to respond to their discovery requests as required by the July 25, 2011 Order. Again, Defendants requested an award of their attorney fees and expenses under Fed. R. Civ. P. 37(a)(5).

On August 25, 2011, the Court entered an Order granting Defendants' second motion to compel. The Court ordered Plaintiff to respond to Defendants' discovery requests on or before September 6, 2011. Additionally, the Court set a hearing for September 14, 2011, on Defendants' requests for an award of fees and expenses.

During the September 14, 2011 hearing, Defendants represented that Plaintiff did not provide any discovery responses by the September 6, 2011

deadline imposed by the Court. Defendants, however, informed the Court that on September 13 and 14, 2011, they received materials from Plaintiff by fax which Plaintiff identified as his discovery responses. Plaintiff did not dispute that he failed to meet the September 6, 2011 deadline, but he asserted he provided discovery responses on September 13 and 14, 2011.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for the imposition of expenses and fees against a party who unsuccessfully opposes a motion to compel discovery filed under Fed. R. Civ. P. 37(a)(3). Specifically, the applicable rule states, in relevant part, as follows:

> **(5) Payment of Expenses; Protective Orders.**
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party [...] whose conduct necessitated the motion [...] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). An award of expenses and fees in favor of the party who prevails on a motion to compel is mandatory unless "[...] (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(a)(5)(A)(ii) & (iii). Discovery conduct may be "substantially justified" if there exists a "genuine dispute" as to the propriety of the discovery requested, or if "reasonable people could differ as to [the appropriateness of the contested action] [.]" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). *See also Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). The burden is on the party unsuccessfully opposing a motion to compel "to affirmatively demonstrate that its discovery conduct was substantially justified." *Root v. Desert Palace*, 2011 WL 2461331, *1 (D. Nev. 2011). For purposes of imposing fees and expenses, the disobedient party's conduct need not be willful. *Gordon v. County of Alameda*, 2007 WL 1750207, *2 (N.D. Cal. 2007) (citing *Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985)).

**A. <u>Substantial Justification or Unjust Award</u>**

In defense of his failure to provide discovery responses, during the September 14, 2011 hearing Plaintiff again argued that the doctrine of qualified immunity excused him from any obligation to respond to Defendants' discovery requests. Plaintiff raised this same issue his motion filed May 19, 2011, requesting the Court stay discovery on the grounds that qualified immunity shielded him from the burden of responding to discovery requests. By Order entered May 25, 2011, the Court expressly explained that the doctrine protects a

defendant from being subjected to the burden of discovery if the defendant might be entitled to qualified immunity, but that same protection does not apply to a plaintiff attempting to defeat qualified immunity. Dkt. 47 at 8.

Plaintiff then raised this qualified immunity issue in response to Defendants' first motion to compel discovery. The Court again considered Plaintiff's argument regarding the effect of qualified immunity, rejected the argument, and granted Defendant's motion to compel on July 25, 2011, thereby again concluding the doctrine of qualified immunity does not operate to protect plaintiff against his obligation to respond to discovery requests. Thus, the issue of qualified immunity does not provide any justification for Plaintiff's non-compliance.

Plaintiff further sought to justify his failure to respond to the discovery requests by arguing (1) he is a pro se litigant, (2) the discovery requests required him to engage in an extensive amount of work to prepare his responses, and (3) the interrogatories requested private information that he believed was protected from discovery.

As a matter of law, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). They must follow the same applicable rules "that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987). *See also Gordon v. County of Alameda*, 2007 WL 1750207, *5 (N.D. Cal. 2007) (noting that pro se litigants must comply with the rules of discovery, and orders of the court). Notwithstanding, the court should take into account a pro se party's lack of legal representation in assessing "substantial justification." *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980); and *Hart v. PAE Government Services Inc.*, 2011 WL 2580389, *2 (E.D. Cal. 2011).

Here, the Court finds Plaintiff was well aware of its orders rejecting his opposition to Defendants' discovery requests, and requiring him to produce discovery responses. Plaintiff's lack of legal representation does negate his ability to read and understand the Court's orders. Thus, his pro se status does not substantially justify his non-compliance.

With respect to Plaintiff's contentions as to the extensive work required of him to prepare his discovery responses, and the alleged private information he believes was protected from discovery, the Court concludes those issues do not substantially justify Plaintiff's failure to produce discovery responses. Federal Rule of Civil Procedure 26(c) permits a party to move for an order protecting the party against disclosure of private information, or protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Thus, Plaintiff's remedy for securing the asserted private information and for protecting

him against burdensome or extensive work was to file a motion under Rule 26(c). Since Plaintiff did not exercise his right to a protective order, he cannot now belatedly rely on those grounds to justify his conduct.

Plaintiff further argued at the hearing that attorneys fees and expenses cannot be imposed on him because the Court has granted him leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). "A plaintiff's indigency [, however,] does not make an award of expenses or attorney's fees unjust." *Barker v. Hertz Corp.*, 2008 WL 2705152, *8 (D. Ariz. 2008) (citing *Gordon v. County of Alameda*, 2007 WL 1750207, *6-7 (N.D. Cal. 2007) and *In re Sindram*, 498 U.S. 177, 180 (1991)).

Finally, Plaintiff suggests his production of discovery responses on September 13 and 14, 2011, makes an award of expenses or attorneys' fees unjust. Plaintiff's suggestion lacks merit.

"Belated compliance with discovery orders does not preclude the imposition of sanctions. [...] Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted) (quoting *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)).

Based on the foregoing, the Court finds Plaintiff has not met his burden of establishing that his failure to respond to Defendants' discovery requests was substantially justified. He also has not presented any valid reason why an award of expenses and fees would be unjust. Again, Plaintiff was obligated to respond to Defendants' discovery requests and to comply with discovery rules the same as any other litigant appearing before the Court.

**B. Expenses and Attorneys' Fees**

In support of their request for an award of fees and expenses, Defendants have submitted an affidavit of their counsel, William L. Crowley, explaining the basis for their request. In his affidavit Mr. Crowley details the work he performed relative to the discovery dispute in this case, and the two motions Defendants filed to compel discovery responses from Plaintiff. He states the hourly rate he has billed in this case is $165 per hour, and that he spent 23.2 hours, for a total of $3,828.00 in attorney fees.

The reasonableness of an award of attorneys' fees is based on the "lodestar" calculation described in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Further, the lodestar calculation is applicable to an award of attorneys' fees under Fed. R. Civ. P. 37. *Root v. Desert Palace, Inc.*, 2011 WL 2461331, *2 (D. Nev. 2011) and

*I.E.I. Company v. Advance Cultural Education*, 2011 WL 1335407, *3 (N.D. Cal. 2011).

The basic lodestar calculation requires the court to "multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The district court has discretion in assessing the reasonableness of the value of the attorneys' fees under the lodestar calculation. *Id.*

The lodestar calculation is "presumptively reasonable." *In re Bluetooth Headset Products Liability Litigation*, ___ F.3d ___, 2011 WL 3632604, *4 (9th Cir. 2011). Nonetheless, the court may adjust the lodestar amount either "upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors" identified in Ninth Circuit case law decisions. *Id.* (citing, inter alia, *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

**1. Reasonable Hourly Rate**

A reasonable hourly rate is the prevailing local rate for similar work performed by attorneys of comparable skill, experience and reputation in the relevant community in which the district court sits. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) and *Camacho v. Bridgeport Financial, Inc.*,

523 F.3d 973, 979 (9th Cir. 2008). Generally, a party must produce satisfactory evidence — beyond the affidavit of the party's attorney — to establish the prevailing community rates. *Grove*, 606 F.3d at 583. But, the court has discretion to rely, in part, "on its own knowledge and experience" with the community's legal market and prevailing hourly rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam).

Mr. Crowley contends his hourly rate of $165 is reasonable based on his knowledge of the prevailing local rates. He states his rate is lower than rates charged by other attorneys of comparable skill and experience, one of whom charges $225 per hour. Therefore, based on the record and the Court's own knowledge and experience with the prevailing community rates, the Court finds Mr. Crowley's rate of $165 per hour is reasonable.

**2. Reasonable Hours Expended**

In assessing the reasonableness of an attorney's hours expended, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). The party requesting an award of attorneys' fees "must provide detailed time records documenting the task completed and the time spent." *I.E.I. Company v. Advance Cultural Education*, 2011 WL 1335407, *4 (N.D. Cal. 2011)

(citing *Hensley*, 461 U.S. at 434, and *McCown*, 565 F.3d at 1102). The court has discretion to reduce the number of hours expended in calculating an award of attorneys fees. *Root*, 2011 WL 2461331 at *2.

Here, Mr. Crowley provides detailed information in his affidavit with respect to the interrogatories Defendants submitted to Plaintiff, and he refers to his "Memorandum of Fees" attached to his affidavit. The referenced memorandum identifies specific tasks Mr. Crowley performed relative to Defendants' two motions to compel, their fee application, and the time he spent on each task.

Upon review of Mr. Crowley's memorandum, the Court finds most of Mr. Crowley's hours to have been reasonably expended. But, the Court deems it appropriate to exclude some of the time he claims. Mr. Crowley identifies a total of .9 hours spent on emails sent to and from Plaintiff on June 6 and 8, July 25, and August 1, 2011, "regarding discovery." Those descriptions provided in the memorandum, however, do not explain how those tasks are directly connected to the expenses and fees "incurred in making the motion[s]" to compel filed by Defendants. Fed. R. Civ. P. 37(a)(5)(A). Therefore, the Court will exclude those hours from the lodestar calculation.

The Court also finds Defendants' opening brief on their first motion to compel contains some unnecessarily excessive work product. Approximately 12

of the 21 pages of that brief describes the interrogatories Defendants served on Plaintiff, and the reasons for each discovery request. Local Rule 26.3(c)(1), however, requires only that the moving party set forth the full text of the discovery requests. Pursuant to L.R. 26.2(a), a party need only attach the discovery requests as an exhibit to the motion to compel rather than provide a lengthy 12-page description of those discovery requests. Consequently, the Court concludes the time spent in preparing those 12 pages of that opening brief was unreasonably expended.

Additionally, the Court finds that Defendants' legal arguments advanced in support of their first motion to compel consist only of fundamental principles of discovery law and are presented in approximately only 1 of the 21 pages of briefing. Dkt. 55 at 17-18. Thus, the motion did not require either significant legal research or extensive time in drafting the legal arguments.

Defendants' Memorandum of Fees indicates Defendants' counsel spent 6.4 hours preparing the original motion to compel and supporting brief. The Court finds the amount of time is properly reduced to 4 hours.

Defendants' Memorandum of Fees states that Defendants' counsel spent 4.8 hours preparing Defendants' second motion to compel. Upon review of Defendants' brief, the Court commends counsel for taking a reasonable approach

in requesting that Plaintiff be afforded an additional opportunity to comply with Defendants' discovery requests and the Court's July 25, 2011 Order compelling discovery. Nonetheless, the substance of the motion merely advised that Plaintiff did not respond to the July 25, 2011 Order, and requested another Order compelling compliance. Thus, the Court finds the 4.8 hours is properly reduced to 2 hours.

Based on the foregoing, and taking into account the time excluded by the Court, a reasonable lodestar calculation is arrived at by multiplying $165 per hour by 17.1 hours. That figure is $2,821.50.

### 3. **Reasonableness Factors under *Kerr***

The court may adjust the lodestar calculation based on the reasonableness factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In re Bluetooth*, 2011 WL 3632604 at *4 n.7. Many of these factors are already subsumed into the basic lodestar calculation, and some factors are no longer valid. *Id*. (citation omitted). The Court is mindful that consideration of the factors listed in *Kerr* may result in an adjustment to the lodestar calculation only in "rare and exceptional cases[.]" *Id*. (quotation and citations omitted).

Upon consideration of the relevant and applicable reasonableness factors the Court finds no grounds for making any further adjustment to the lodestar calculation. Because that calculation is presumptively reasonable, the Court deems $2,821.50 to be an appropriate total award of attorneys fees.

Accordingly, IT IS HEREBY ORDERED that Defendants' request for an award of attorneys' fees under Fed. R. Civ. P. 37(a)(5)(A) is GRANTED. As a result, Plaintiff shall pay Defendants $2,821.50, and this amount shall be imposed as part of the final judgment ultimately entered in this case. *See Williams v. Locher*, 2011 WL 2608604, *1 (D. Nev. 2011).

DATED this 29th day of September, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge