

FILED
OCT 04 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL E. SPREADBURY, | ) | CV 11-64-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BITTERROOT PUBLIC LIBRARY, | ) | |
| CITY OF HAMILTON, | ) | |
| LEE ENTERPRISES, INC., and | ) | |
| BOONE KARLBERG P.C. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

July 28, 2011, Magistrate Judge Lynch entered Findings and

Recommendations as to the dispute between Plaintiff Michael E. Spreadbury and

Defendant Lee Enterprises (dkt # 75). Judge Lynch recommended this Court grant in part and deny in part Lee Enterprises' 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted (dkt # 5), and he recommended denial of Plaintiff Michael E. Spreadbury's motion for summary judgment on his claims against Lee Enterprises (dkt # 51). Spreadbury timely objected to the Findings and Recommendation on August 5, 2011 (dkt # 87), and Lee Enterprises filed a response to Spreadbury's objection (dkt # 96). Spreadbury is entitled to *de novo* review of those findings and recommendations to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Spreadbury alleges that Lee Enterprises published articles and comments that contained false information about Spreadbury and conspired with the state to deny him his constitutional rights (Second Amended Complaint, ¶¶ 70, 71, 72, 91, dkt # 90). Spreadbury's claims against Lee Enterprises all arise from these allegations. The claims asserted are defamation, defamation per se, violation of his constitutional rights under 42 U.S.C. § 1983, negligence, negligence per se, tortious interference with prospective economic advantage, and negligent and

intentional infliction of emotional distress.

Judge Lynch found that four of the claims against Lee Enterprises should be dismissed for failure to state a claim upon which relief can be granted because Lee Enterprises' reports of the judicial proceedings were privileged, Lee Enterprises' conduct did not qualify as state action, and Spreadbury did not allege sufficient facts that suggest that Lee Enterprises engaged in a conspiracy. Additionally, Spreadbury did not identify any statute Lee Enterprises violated to establish negligence per se. Spreadbury argues that Montana's privilege statute does not apply because Lee Enterprises' statements were made in malice, that Lee Enterprises acted under color of law, and that he should have been granted an opportunity to amend his complaint.

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendations in full. The procedural and factual background of the case will not be restated here as the parties are familiar with it and it is described in the adopted Findings and Recommendations.

I.

Under Montana Code Annotated § 27-1-801, defamation is effected by libel or slander. Libel and slander both require that there be a "false and *unprivileged* publication." Mont. Code Ann. §§ 27-1-802 and -803 (emphasis added). The

Montana Code Annotated lists four types of publication that are privileged and cannot constitute defamation. § 27-1-804. Section 27-1-804(4) applies here: "A privileged publication is one made . . . (4) by a fair and true report without malice of a judicial, legislative, or other public official proceeding or of anything said in the course thereof." A second hand account of the content of the pleadings in a court matter, such as a newspaper might publish, is an example of a report of a judicial proceeding. Cox v. Lee Enters, Inc., 723 P.2d 238, 240 (Mont. 1986). "Judicial proceedings" include pleadings filed with a court, even if they have not yet been acted on by the court. Id.

If there is no dispute regarding the content of the judicial proceedings on which a report is based, then the issue of whether a particular report is privileged is a question of law for the court. Lence v. Hagadone Inv. Co., 853 P.2d 1230, 1237 (Mont. 1993), overruled on other grounds by Sacco v. High Country Indep. Press, Inc., 896 P.2d 411, 423-24, 429 (Mont. 1995). A newspaper's publication of articles describing allegations against an individual in a judicial proceeding are privileged publications as a matter of law under § 27-1-804(4). Lence, 853 P.2d at 1237.

Spreadbury alleges that Lee Enterprises published articles about judicial proceedings in which Spreadbury was involved. Specifically, Lee Enterprises

-4-

reported that Spreadbuy had been charged with criminal trespass, that an order of protection had been imposed against him, and that he was banned from the library and this ban was upheld in court. Spreadbury's own allegations establish that these publications were reports of a "judicial proceeding" as understood under § 27-1-804(4). However, Spreadbury argues that Lee Enterprises' statements, if made with malice, would not be privileged under § 27-1-804(4).

In defamation actions, "[a] newspaper is only liable for malice where it publishes with knowledge of falsity or with a reckless disregard of the truth." Sible v. Lee Enters., Inc., 729 P.2d 1271, 1274 (Mont. 1986). "[M]alice does not include hatred, personal spite, ill-will, or a desire to injure." Rasmussen v. Bennett, 741 P.2d 755, 758 (Mont. 1987). Spreadbury contends that Lee Enterprises acted with malice because he was on public property when he was charged with trespass and Lee Enterprises should have known he could not be charged with criminal trespass for peaceful assembly. (dkt # 87 at 7-8). However, Spreadbury alleges that he was charged with criminal trespass, a judicial proceeding regarding that charge occurred, and Lee Enterprise reported on that proceeding. Thus, he alleges that Lee Enterprise did not report false information and he provides no supporting facts that Lee Enterprises acted with a reckless disregard for the truth.

For these reasons, Spreadbury's Count 19 (as to defamation regarding publications reporting judicial proceedings) is dismissed.

II

Neither can Lee Enterprises' privileged statements serve as a basis for Spreadbury's claims of defamation per se. Defamation per se exists when a private actor accuses an individual actor of committing a crime. See McCusker v. Roberts, 452 P.2d 408, 414 (Mont. 1969). Spreadbury alleges that Lee Enterprises accused him of disturbing the peace and criminal trespass and made comments regarding Spreadbury's pscyhological health. Pl.'s Objections (dkt # 87 at 6). As alleged by Spreadbury, all of Lee Enterprises' articles reported only about matters in judicial proceedings, i.e. accusations which others had made against Spreadbury. Thus, those reports are privileged under § 27-1-804(4), and are not defamation per se.

For these reasons, Spreadbury's Count 19 (as to defamation per se) is dismissed.

III.

Spreadbury further alleges that Lee Enterprises is liable for negligence per se for "publishing comments about a person's psychiatric health." Pl.'s Second Amended Compl. (dkt # 90 at ¶¶ 184-185). Negligence per se exists where a

defendant fails "to comply with a legal mandate." Doyle v. Clark, ___P.3d___, 2011 WL 2162891, *6 (Mont. 2011) (citation omitted). An allegation of negligence per se must establish:

> (1) that the defendant violated a particular statute; (2) that the statute was enacted to protect a specific class of persons; (3) that the plaintiff is a member of the class; (4) that the plaintiff's injury is the kind of injury that the statute was enacted to prevent; and (5) that the statute was intended to regulate members of the defendant's class.

Id.

Spreadbury does not specifically identify any statute that Lee Enterprises violated. As Judge Lynch discussed, as a matter of law, the defamation statutes at Mont. Code Ann. §§ 27-1-801 through 804 do not meet the elements of negligence per se, and Spreadbury does not allege that they do. Therefore, Count 18 (negligence per se) is dismissed.

## IV.

Spreadbury next contends that Lee Enterprises acted under the color of law by engaging in a conspiracy to defame Spreadbury and deprive him of his constitutional rights. Spreadbury alleges that Lee Enterprises violated his constitutional rights under 42 U.S.C. § 1983. Section 1983 states, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person

-7-

> within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. A plaintiff can bring a claim under § 1983 against a state official or employee if the plaintiff can establish that person was acting under the color of state law and deprived the plaintiff of a federal right. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). However, § 1983 does not generally apply to conduct of private parties. Id. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Caviness v. Horizon Community Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010)(quoting Am. Mfgs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Though private actors are generally not liable under § 1983, they may be if their conduct qualifies as "state action."

Spreadbury contends that, though Lee Enterprises is not a state actor, its conduct constitutes state action for the purpose of imposing liability on a private party. The Ninth Circuit has recognized the following four tests to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley, 326 F.3d at 1092 (quotation omitted). Spreadbury alleges that the conduct of Lee

Enterprises meets the requirements for state action under both the joint action and public function tests. Pl.'s Objection (dkt # 87 at 9).

A private individual may be liable under § 1983 "if she conspired or entered joint action with a state actor," Crowe v. Co. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010)(quoting Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002)), or the state accepts the benefits of the private actor's conduct, Kirtley, 326 F.3d at 1093. To state a viable claim of conspiracy to violate a plaintiff's constitutional rights under 42 U.S.C. § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." Burns v. Co. of King, 883 F.3d 819, 821 (9th Cir. 1989)(citation omitted).

Spreadbury's allegations are insufficient to support a joint action theory of conspiracy. Spreadbury alleges generally that Lee Enterprises conspired with others to defame him and deprive him of his rights to due process, liberty, and peaceful assembly. Insofar as Spreadbury is alleging that Lee Enterprises engaged in conspiracy to defame him, the Court has already determined publishing fair and accurate reports on judicial proceedings is not defamatory because it is privileged under § 27-1-804(4).

Insofar as Spreadbury is alleging that Lee Enterprises conspired with the City of Hamilton and the police to restrict his liberty interests by removing him

from Lee Enterprises' premises on July 9, 2009, he has failed to allege specific facts to support his claim. Spreadbury mistakenly relies on <u>Adickes v. S.H. Kress & Co.</u> to make his argument. In <u>Adickes</u>, the plaintiff alleged the defendant-restaurant conspired with the police to discriminate against her. The plaintiff, a white teacher, had been refused service by the restaurant and arrested outside for vagrancy after attempting to eat with a group of African American students. The Court denied the restaurant's motion for summary judgment on the grounds that the plaintiff could prove conspiracy "if she proves that she was refused service by [the restaurant] because of a state-enforced custom requiring racial segregation in Hattisburg restaurants." <u>Adickes v. S.H.Kress & Co.</u>, 398 U.S. 144, 148 (1970). The restaurant conspired to deny her service or caused her arrest based on a practice of illegal racial discrimination. Here, no illegal discrimination is alleged and Lee Enterprises contends that its staff felt threatened by Spreadbury's behavior.

As Judge Lynch discussed, "[m]erely complaining to the police does not convert a private party into a state actor" and such conduct does not automatically rise to the level of joint action or conspiracy. <u>Dietrich v. John Ascuaga's Nugget</u>, 548 F.3d 892, 899-900 (9th Cir. 2008) (quoting <u>Collins v. Womancare</u>, 878 F.2d 1145, 1155 (9th Cir. 1989)). Spreadbury alleges only that Lee Enterprises called

-10-

the police and the police removed him from Lee Enterprises' storefront. Such bare allegations of joint action are insufficient to overcome a motion to dismiss. Id. Therefore, as a matter of law, Spreadbury has failed to allege conspiracy amounting to joint action between Lee Enterprises and the state.

Spreadbury also contends that Lee Enterprises' conduct constitutes state action based on the "public function test." Under the public function test, a private actor's conduct qualifies as state action where the private actor is endowed with state powers or functions that are traditionally and exclusively governmental in nature. Kirtley, 326 F.3d at 1092. "Newsgathering is the quintessential private activity, jealously guarded from impermissible government influence." Brunette v. Humane Scy. of Ventura Co., 294 F.3d 1205, 1214 (9th Cir. 2002).

Here, Spreadbury sues Lee Enterprises for its role as a private newspaper company engaged in reporting on judicial proceedings. Spreadbury alleges that Lee Enterprises engaged in a public function when it interfered with his candidacy for mayor by "permanently alter[ing] public perception of Plaintiff." Pl.'s Second Amended Complaint (dkt # 90 at ¶ 26). Although the administration of elections is considered within the purview of the state, Terry v. Adams, 345 U.S. 461, 484 (1953), private newsgathering that may affect an election outcome does not rise to the level of state action.

For the reasons stated, Spreadbury does not provide any facts from which one could plausibly determine that Lee Enterprises' alleged conduct qualifies as state action under any of the four tests. Spreadbury's allegations regarding conspiracy between Lee Enterprises and the state are merely conclusory assertions. Conclusory allegations of conspiracy are not sufficient to support a claim for state action amounting to a violation of constitutional rights under § 1983. Woodrum v. Woodward Co., Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).

Because claims under 42 U.S.C. § 1983 are based on conduct of a state actor and state action has not been shown here, Spreadbury's claims against Lee Enterprises under 42 U.S.C. § 1983 are dismissed.

V.

Spreadbury's final contention is that he should have been granted leave to amend his complaint prior to dismissal in order to address any deficiencies. As Judge Lynch states, the Court has the authority to dismiss a defective pleading, but

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleadings could not possibly be cured by the allegation of other facts.

Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). The record does not indicate the existence of any set of facts on which Plaintiff could make a plausible argument

-12-

that the allegedly false statements made by Lee Enterprises were not protected by privilege or that Lee Enterprises' conduct qualifies as state action. Because all of Plaintiff's dismissed claims stem from these determinations, the pleadings could not be cured by allegations of other facts.

I find no clear error in Judge Lynch's remaining findings and recommendations.

VI.

For all the above reasons, the Findings and Recommendation (dkt # 75) are hereby ADOPTED, Plaintiff Spreadbury's Motion for Summary Judgment (dkt # 51) is DENIED, and Defendant Lee Enterprises' Motion to Dismiss (dkt # 5) is DENIED IN PART, GRANTED IN PART. Spreadbury's claims against Lee Enterprises, Counts 18 (as to negligence per se), 19 (as to defamation for publications on judicial proceedings and defamation per se) and 26 (punitive damages), are DISMISSED.

Dated this 4th day of October, 2011.

Donald W. Molloy, District Judge
United States District Court