

FILED

OCT 07 2011

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL E. SPREADBURY, | ) | CV 11-64-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BITTERROOT PUBLIC LIBRARY, | ) | |
| CITY OF HAMILTON, | ) | |
| LEE ENTERPRISES, INC., and | ) | |
| BOONE KARLBERG P.C. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 28, 2011, Magistrate Judge Lynch entered Findings and

Recommendations as to the dispute between Plaintiff Michael E. Spreadbury and

Defendants Bitterroot Public Library and City of Hamilton (dkt # 76). Judge

Lynch recommended this Court deny Plaintiff Michael E. Spreadbury's motion for

summary judgment on his claims against the Bitterroot Public Library and the City

of Hamilton (dkt # 30). Spreadbury timely objected to the Findings and

Recommendations on August 9, 2011 (dkt # 86), and the Bitterroot Public Library

and City of Hamilton filed a response to Spreadbury's objection (dkt # 89).

Spreadbury is entitled to *de novo* review of those findings or recommendations to

which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and

Recommendation not specifically objected to will be reviewed for clear error.

McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313

(9th Cir. 1981).

When objecting to a magistrate judge's findings and recommendations, it is

not enough to merely identify those claims and request they be resolved in a

manner favorable to the objecting party. Spencer v. Bouchard, 449 F.3d 721, 725

(6th Cir. 2006). The objecting party must "file specific written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

Spreadbury advances 26 claims of relief against the various Defendants

named in this action, including the Bitterroot Public Library and City of Hamilton.

His pleadings assert claims under 42 U.S.C. § 1983 for violations of his rights under the United States Constitution and claims under Montana law for negligence, abuse of process, defamation, malicious prosecution, tortious interference with prospective economic advantage, and negligent and intentional infliction of emotional distress.

Spreadbury moves for summary judgment against the Bitterroot Public Library and the City of Hamilton on the following claims for relief in his second amended complaint (dkt # 90):

(1) Counts 1, 11, 12, 13 (negligence);

(2) Count 2 (abuse of process);

(3) Count 3 (procedural due process);

(4) Count 5 (misrepresentation);

(5) Count 6 (freedom of speech);

(6) Count 7 (malicious prosecution);

(7) Counts 9, 10, 14 (First, Fifth, and Fourteenth Amendment violations);

(8) Count 17 (defamation);

(9) Counts 20, 21 (negligent or intentional infliction of emotional distress);

(10) Count 25 (injunctive relief); and

(11) Count 26 (punitive damages).

-3-

Judge Lynch found that Spreadbury's summary judgment motion be denied because Spreadbury does not identify any factual matters or evidentiary materials in support of his arguments for summary judgment, he has not established an absence of a genuine issue of material fact with respect to all the elements of each claim, and he has failed to file a statement of undisputed facts as required under Local Rule of Procedure 56.1(a).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendations in full. The procedural and factual background of the case will not be restated here as the parties are familiar with it and it is described in the Findings and Recommendations entered July 21, 2011.

I.

A movant is entitled to summary judgment if the movant can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the party seeking summary judgment, Spreadbury bears the "initial burden of establishing the absence of a genuine issue of material fact on each issue material to [his] case." C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000).

[A] party seeking summary judgment always bears the initial responsibility

-4-

of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986). The court must draw all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.

Spreadbury failed to satisfy his initial burden of establishing an absence of any genuine issues of material fact as to his claims.[1] He argues that the Bitterroot Public Library and the City of Hamilton are liable under the claims on which he is requesting summary judgment. However, by merely reasserting existing claims, Spreadbury does not eliminate potential genuine issues of material fact.

Spreadbury fails to identify factual matters or evidentiary materials that support his arguments. He does not effectively cite to the record or clarify how his interpretations of the Defendants' admissions support his contention that no genuine issues of material fact remain. Rather, Spreadbury reasserts as undisputed his own interpretations, primarily citing his own submissions to the Court.

---

[1] This Court has already addressed some of the issues raised in Plaintiff's Objection, specifically those in reference to Boone Karlberg. See Dkt. # 107.

Even when Spreadbury cites the Defendants' admissions in his supporting

brief, these references are unpersuasive for two reasons. As Judge Lynch

discussed, the admissions Spreadbury identifies do not support and establish all

the elements of liability for each claim he has asserted. Also, Spreadbury has

misrepresented the Defendants's admissions insofar as he relies on them to declare

facts undisputed. Spreadbury cites Defendants' admission that Spreadbury was

arrested for criminal trespass as an admission that he was arrested for peaceful

assembly on public property. That is not what the Defendants admitted and a

genuine issue of material fact remains.

For these reasons, this Court finds that Spreadbury has failed to fulfill his

burden of showing an absence of any genuine issues of material fact entitling him

to judgment as a matter of law.

This Court also notes Spreadbury's failure to file a statement of undisputed

facts as required by the local rules. Under the Montana Federal Court Rules, a

party moving for summary judgment must file a statement of undisputed facts in

support of the motion. L. R. 56.1(a). This statement must: "(1) set forth in serial

form each fact on which the party relies to support the motion; (2) cite a specific

pleading, deposition, answer to interrogatory, admission or affidavit before the

Court to support each fact; and (3) be filed separately from the motion and the

-6-

brief." L. R. 56.1(a). As Judge Lynch mentioned, the only facts Spreadbury

provides were included in his brief in support of his motion.

## II.

Because Spreadbury has failed to meet his burden as the moving party, the

Court need not even consider the response of the Bitterroot Public Library and the

City of Hamilton. Where a movant has failed to meet the initial summary

judgment burden, the motion should be denied regardless of the nonmovant's

response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). The

Court recognizes that Defendants Bitterroot Public Library and the City of

Hamilton have submitted a lengthy brief in opposition of Spreadbury's motion.

However, if the moving party fails to carry its burden of production, "the

nonmoving party has no obligation to produce anything, even if the nonmoving

party would have the ultimate burden of persuasion at trial." Nissan Fire &

Marine Ins. Co. Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102-03 (9th Cir. 2000)

(citations omitted). Therefore, it is unnecessary for the Court to address the issues

identified and discussed by the Defendants in response to Spreadbury's motion.

I find no clear error in Judge Lynch's remaining findings and

recommendations.

## III.

For all the above reasons, the Findings and Recommendation (dkt # 76) are

hereby ADOPTED, Plaintiff Spreadbury's Motion for Summary Judgment (dkt #

30) is DENIED.

Dated this _____ day of October, 2011.

Donald W. Molloy, District Judge
United States District Court

-8-