IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
_____

| | |
|---|---|
| MICHAEL E. SPREADBURY, | CV 11-64-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| BITTERROOT PUBLIC LIBRARY,<br>CITY OF HAMILTON,<br>LEE ENTERPRISES, INC.,<br>BOONE KARLBERG, P.C.,<br>DR. ROBERT BROPHY, TRISTA SMITH,<br>NANSU RODDY, JERRY STEELE,<br>STEVE SNAVELY, STEVEN BRUNER-MURPHY,<br>RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT, | |
| Defendants. | |

_____

Defendants Bitterroot Public Library, Dr. Robert Brophy, Trista Smith, Nansu Roddy, City of Hamilton, Jerry Steele, Steve Snavely, Steven Bruner-Murphy, Ryan Oster, Kenneth Bell and Jennifer Lint move for leave to file under seal their statement of undisputed facts that they intend to file in support of their forthcoming motion for summary judgment. Defendants state that their proposed statement of undisputed facts will refer to various police reports that they intend to file in support of their summary judgment motion. They argue that the police

1

reports are protected as confidential criminal justice information under the Montana Criminal Justice Information Act of 1979, Mont. Code Ann. § 44-5-101 et seq., and must be filed under seal.

There exists a long-recognized interest of citizens and "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This right gives rise to a "strong presumption in favor of access" to judicial records. *Kamakana*, 447 F.3d at 1178 (citation and quotation omitted). Thus, where a party seeks to seal a judicial record and specific documents attached to a dispositive motion — such as one for summary judgment — then that party bears the burden of overcoming the presumption of access by showing that "compelling reasons" exist for filing documents under seal. *Kamakana*, 447 F.3d at 1178, 1180. *See also Pintos v. Pacific Creditors Assn.* 605 F.3d 665, 678-79 (9th Cir. 2010). The party must "articulate[ ] compelling reasons supported by specific factual findings [...] that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations and quotations omitted); *Pintos*, 605 F.3d at 679.

In support of their motion for leave to file under seal, Defendants rely only upon the fact that they intend to file police reports which they assert contain confidential criminal justice information protected under Montana law. Defendants' mere reference to undescribed police reports and the Montana Criminal Justice Information Act of 1979 (the Act) does not satisfy the "compelling reasons" requirement under federal law as articulated in *Kamakana* and *Pintos*. It is also important to point out that the Act does not definitively categorize all police reports as either confidential or public documents. *See Havre Daily News, LLC v. City of Havre*, 142 P.3d 864, 870-71 (Mont. 2006). Based on the statutory definitions in the Act, the Montana "legislature has paradoxically classified [various police reports] as both public criminal justice information and confidential criminal justice information." *Havre Daily News*, 142 P.3d at 870-71 and n.3.

Additionally, any determination to be made by the court as to whether a particular item of criminal justice information is protected from dissemination as confidential information under the Act requires a case-by-case "fact-intensive inquiry." *Havre Daily News*, 142 P.3d at 869-70. Here Defendants have not identified the specific police reports they want to have filed under seal, they have not described the specific information within each police report that is

3

confidential, and they have not articulated the requisite compelling reasons why the information should remain under seal as opposed to being subject to public inspection.

Therefore, IT IS HEREBY ORDERED that Defendants' motion for leave to file their statement of undisputed facts and associated police reports under seal is DENIED without prejudice.

DATED this 20th day of October, 2011.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge