# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

MICHAEL E. SPREADBURY,                              CV 11-64-M-DWM-JCL

                          Plaintiff,

             vs.

                                                    ORDER

BITTERROOT PUBLIC LIBRARY,
CITY OF HAMILTON,
LEE ENTERPRISES, INC.,
BOONE KARLBERG, P.C.,
DR. ROBERT BROPHY, TRISTA SMITH,
NANSU RODDY, JERRY STEELE,
STEVE SNAVELY, STEVEN BRUNER-MURPHY,
RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT,

                          Defendants.

_____

Defendants Bitterroot Public Library, Dr. Robert Brophy, Trista Smith,

Nansu Roddy, City of Hamilton, Jerry Steele, Steve Snavely, Steven Bruner-

Murphy, Ryan Oster, Kenneth Bell and Jennifer Lint move for leave to file under

seal their statement of undisputed facts that they intend to file in support of their

forthcoming motion for summary judgment.  Defendants' proposed statement of

undisputed facts will refer to 11 police reports from the City of Hamilton Police

Department that they intend to file.  They argue that the police reports are

protected as confidential criminal justice information under the Montana Criminal

Justice Information Act of 1979, Mont. Code Ann. § 44-5-101 et seq., and must be

filed under seal.

Plaintiff Michael Spreadbury opposes Defendants' motion, but only on the

grounds that he believes the 11 police reports should not be filed in this case at all.

Plaintiff does not argue against filing them under seal, protected from public view.

Plaintiff asserts the reports should not be filed of record because he contends

Defendants intend to use the reports for improper purposes. He contends

Defendants seek to utilize the police reports to defame and harass Plaintiff, and to

impute acts of criminal conduct to Plaintiff.

A party moving to seal specific documents attached to a dispositive motion

— such as one for summary judgment — must establish that "compelling reasons"

exist for filing documents under seal. *Kamakana v. City and County of Honolulu*,

447 F.3d 1172, 1178, 1180 (9th Cir. 2006).

> In general, "compelling reasons" sufficient to outweigh the public's interest
> in disclosure and justify sealing court records exist when such "court files
> might have become a vehicle for improper purposes," such as the use of
> records to gratify private spite, promote public scandal, circulate libelous
> statements, or release trade secrets.

*Kamakana*, 447 F.3d at 1179.

Based only on Plaintiff's contention that Defendants seek to utilize the police reports to defame him, the Court finds compelling reasons to file the police reports under seal exist and outweigh the general history of public access to judicial records and the public interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79 (citations omitted). Therefore, IT IS HEREBY ORDERED that Defendants' Second Motion to File Under Seal is GRANTED to the extent that Defendants may file the 11 referenced police reports under seal.

DATED this 14th day of November, 2011.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge