## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | |
|---|---|
| MICHAEL E. SPREADBURY, | CV 11-64-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| BITTERROOT PUBLIC LIBRARY, CITY OF HAMILTON, LEE ENTERPRISES, INC., BOONE KARLBERG, P.C., DR. ROBERT BROPHY, TRISTA SMITH, NANSU RODDY, JERRY STEELE, STEVE SNAVELY, STEVEN BRUNER-MURPHY, RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT, | |
| Defendants. | |

_____

Defendants Bitterroot Public Library, Dr. Robert Brophy, Trista Smith, Nansu Roddy, City of Hamilton, Jerry Steele, Steve Snavely, Steven Bruner-Murphy, Ryan Oster, Kenneth Bell and Jennifer Lint move to strike Plaintiff Michael Spreadbury's Exhibit B (Dkt. 130-2) attached to his "Notice of National Security Clearance, Information on Non-Probable Cause Felony Charge" filed October 26, 2011.  Exhibit B is a copy of a blog on a website purportedly written by Plaintiff, and the blog includes a copy of a police report prepared by an officer of the City of Hamilton Police Department.  The police report pertains to an

1

incident which occurred on November 4, 2009, where Plaintiff allegedly threatened and intimidated Defendant Nansu Roddy. Plaintiff also refers to Roddy in his blog discussion. Defendants assert these matters contained within Exhibit B should be stricken because Plaintiff's disclosure of them violates Montana law, and the matters also constitute violations of provisions of an order and a criminal judgment entered in the district courts of the State of Montana.

The police report contained within Plaintiff's Exhibit B was at issue in a civil action prosecuted by Plaintiff in the Montana Twenty-First Judicial District Court, Ravalli County captioned as *Spreadbury v. Bell and City of Hamilton*, DV 2010-639. The state district court entered an order on June 28, 2011, in that case finding that the police report contained criminal justice information protected as confidential under the Montana Criminal Justice Information Act of 1979, Mont. Code Ann. § 44-5-101 et seq., as well as other information protected from disclosure by individual privacy rights of third parties. The court redacted the private and confidential information contained in the police report, and sealed the report from public view. The copy of the police report submitted by Plaintiff in Exhibit B, however, allegedly discloses information redacted and sealed by the state court. Consequently, Defendants argue the police report should be striken as filed in violation of the state court's order, Montana law, and individuals' privacy rights.

Additionally, Defendants argue that Plaintiff's conduct in filing Exhibit B violates a condition of Plaintiff's probation imposed in a criminal judgment and sentence filed against Plaintiff in the Montana Twenty-First Judicial District Court, Ravalli County in a case captioned as *State v. Spreadbury*, DC 09-154. Specifically, the referenced probation condition required Plaintiff to remove any reference to Defendant Nansu Roddy from any website to which Plaintiff contributed. Thus, because both Plaintiff's blog filed as Exhibit B and the police report contained within Exhibit B refer to Roddy, Defendants argue that Plaintiff's conduct reflected in the blog demonstrate that he is in violation of his probation, and Exhibit B should be stricken.

The grounds for relief on which Defendants rely in support of their motion to strike are insufficient to warrant an order striking Plaintiff's Exhibit B. There exists no legal authority for this federal court to enter an order striking a document merely as a means of enforcing either an order in a civil case or a criminal judgment, both of which were entered by a court of the State of Montana. Furthermore, Defendants have not independently established that the copy of the police report filed by Plaintiff contains information protected as confidential under the Montana Criminal Justice Information Act. Defendants' motion is denied in this respect.

3

Notwithstanding, the police report in Plaintiff's Exhibit B contains personal and private identifying information such as individuals' dates of birth, social security numbers, home addresses, and home phone numbers which must be redacted. Although Plaintiff has redacted some of that information, Plaintiff's Exhibit B is blurry and it is not clear if he sufficiently redacted all of that personal information. Therefore, the personal information needs to be protected from disclosure to the public to the extent it is not already redacted.

Furthermore, the police report in Exhibit B is also one of the police reports which Defendants separately moved to file under seal. The Court has granted that motion on the grounds that Plaintiff perceives that the police report contains information that is defamatory to him thereby giving rise to compelling reasons to seal the police report. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

Therefore, IT IS HEREBY ORDERED that Defendants' motion is GRANTED to the extent that Exhibit B shall be filed under seal. The Clerk of Court is directed to seal Exhibit B (Dkt. 130-2).

DATED this 14th day of November, 2011.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge