IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

MICHAEL E. SPREADBURY,  CV 11-64-M-DWM-JCL

        Plaintiff,

vs.

        ORDER

BITTERROOT PUBLIC LIBRARY,
CITY OF HAMILTON, LEE
ENTERPRISES, INC., BOONE
KARLBERG, P.C., DR. ROBERT
BROPHY, TRISTA SMITH, NANSU
RODDY, JERRY STEELE, STEVE
SNAVELY, STEVEN BRUNER-MURPHY,
RYAN OSTER, KENNETH S. BELL,
and JENNIFER LINT,

        Defendants.
_____

     Before the Court is the motion of Defendants Bitterroot Public Library, City of Hamilton, and the individually named Defendants requesting leave to file their reply brief and supporting exhibits relating to their pending motion in limine under seal. The motion to seal is presented in accordance with the protective order entered by this Court on December 13, 2011, that directed the Defendants to seek leave of Court to file under seal any document containing personal information of the Plaintiff Michael Spreadbury. Dkt. 189. The Defendants state that sealing is

necessary to protect confidential medical and social security records of Mr. Spreadbury from being disclosed.

"It is well established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Phillips v. General Motors Corporation*, 307 F.3d 1206, 1210 (9th Cir. 2002) (quoting *San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir.1999)). Because the Defendants' request to seal the referenced documents is made in conjunction with the filing of a non-dispositive motion, the "good cause" standard is applied to determine the propriety of sealing.[1]

Cognizant of the fact that an individual has a constitutional right to privacy of personal medical information records, *Yin v. California*, 95 F.3d 864, 870 (9th Cir. 1996), the Court finds that the Defendants have made the requisite showing of

---

[1] In contrast, where a party seeks to seal documents relating to a dispositive motion, the party "must overcome a strong presumption of access [to judicial records] by showing that 'compelling reasons supported by specific factual findings... outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pacific Creditors Assn.*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

"good cause" to file the referenced documents under seal.[2]

Therefore, IT IS HEREBY ORDERED that the Defendants' Motion for Leave to File Reply Brief and Exhibits Under Seal is GRANTED.

DATED this 9th day of February, 2012.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] Mr. Spreadbury may, if he chooses to waive his privacy interests in his medical and social security records, move to have the documents unsealed.