

**FILED**

MAR 06 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL E. SPREADBURY, | ) | CV 11-64-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BITTERROOT PUBLIC LIBRARY, | ) | |
| CITY OF HAMILTON, | ) | |
| LEE ENTERPRISES, INC., and | ) | |
| BOONE KARLBERG P.C. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

September 28, 2011, Defendant Lee Enterprises, Inc. filed a motion for summary judgment on the counts remaining against it in this matter. United States Magistrate Judge Lynch entered Findings and Recommendations on November 30, 2011 (dkt # 181). Both Lee Enterprises and Plaintiff Michael E. Spreadbury filed objections. They are therefore entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the facts, they will not be restated here except as

necessary to explain the Court's decision.

As a preliminary matter, I do not address Spreadbury's objections which concern issues not connected to his claims against Lee Enterprises—for example, the constitutionality of Spreadbury's dealings with the City Defendants or the incorporation status of Hamilton, Montana—because they are not relevant to the motion under consideration. Nor do I address Spreadbury's new allegations, the objections to issues that have already been settled by this Court, or the objections that are not responsive to specific findings or recommendations made by Judge Lynch on November 30, 2011 (dkt # 181).

Though Spreadbury argues that summary judgment is not appropriate at this time because he expects additional facts to emerge through interrogatories (dkt # 188, 14), he has not met the standard necessary for a continuance under Rule 56(d) of the Federal Rules of Civil Procedure. He has not identified specific facts he hopes to obtain or made any showing that the facts he hopes to obtain actually exist. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)(citation omitted). Accordingly, it is proper to consider Lee Enterprises's summary judgment motion. *Id.*

The following recommendations are adopted: Lee Enterprises's motion for summary judgment on Spreadbury's defamation per se, negligence, and tortious

interference with prospective economic advantage claims is denied to the extent the claims are predicated on Lee Enterprises's incorrect publication that Spreadbury was convicted of disturbing the peace when he was actually convicted of criminal trespass. Summary judgment is granted in favor of Lee Enterprises as to Spreadbury's other legal claims for the reasons discussed below. I disagree with Judge Lynch's recommendation to deny summary judgment on the claim for punitive damages. In my view, Spreadbury has failed to produce any evidence of malice.

## A. Communications Decency Act

Lee Enterprises is entitled to summary judgment on the claims that arose from comments posted by third parties on its website. Spreadbury's contention that the Communications Decency Act applies only to "internet service providers such as AOL, Yahoo, or Matchmaker," dkt # 188, 11, is incorrect.

The Communications Decency Act protects "providers of interactive computer services against liability arising from content created by third parties." *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008). "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "Interactive

computer services" include websites that encourage users to submit public "comments." E.g. *Id.* at 1174 (website where subscribers can post housing opportunities); *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003 (website offering a listserv or message board); *Carafano v. Metrosplash.com. Inc.*, 339 F.3d 1119 (9th Cir. 2003)(internet dating service); *Collins v. Purdue U.*, 703 F.Supp.2d 862, 878 (N.D.Ind. 2010)(newspaper website providing opportunities for users to post comments about articles).

Through its website, Lee Enterprises provides an "interactive computer service," 47 U.S.C. § 230(e)(3), that "enables computer access by multiple users to a computer server." *Collins*, 703 F.Supp.2d at 878 (holding that a newspaper cannot be held liable for postings by third parties on its website)(quoting *DiMeo v. Max*, 248 Fed. Appx. 280, 282 (3rd Cir. 2007)). The website is a "neutral tool" and offers a "simple generic prompt" for subscribers to comment about articles. *Fair Housing Council*, 521 F.3d at 1162, 1174. Lee Enterprises does not develop or select the comments, require or encourage readers to make defamatory statements, or edit comments to make them defamatory. *See Collins*, 703 F.Supp.2d at 878; *Miles v. Raycom Media, Inc.*, Slip Copy, 2010 WL 3419438, *2-3 (Aug. 26, 2010 S.D. Miss.)(holding that a newspaper is not liable for comments posted by third parties on its website). Accordingly, I agree with Judge Lynch that

Lee Enterprises is entitled to summary judgment on Spreadbury's claims that are predicated on third-party comments.

## B.  Defamation

I also agree that Lee Enterprises is entitled to summary judgment on Spreadbury's defamation claims, which are based on statements about his civil proceedings against various Hamilton officials. These statements were published in an August 9, 2010 article.

Certain publications are privileged and do not constitute defamation. Montana law provides that a "privileged publication" includes "a fair and true report [made] without malice of a judicial, legislative, or other public official proceeding or of anything said in the course thereof." Mont. Code Ann. § 27-1-804(4). If a statement is not privileged, the plaintiff must support a claim of defamation by establishing that the statement exposed him "to hatred, contempt, ridicule, or obloquy." Mont. Code Ann. § 27-1-802.

Most of the statements Spreadbury challenges constitute a fair and true report of his civil proceedings. The record supports the reported amount of damages sought by Spreadbury. Similarly, the transcript supports the article's account of arguments made by an attorney at the August 6, 2010 hearing. Spreadbury has not shown show how Lee Enterprises's report that he stated a law

student was supervised by an assistant county attorney exposed him "to hatred, contempt, ridicule, or obloquy." Mont. Code Ann. § 27-1-802. Nor does Spreadbury show in his objections any grounds for his argument that reporting quotations from the proceedings "out of context" resulted in an unfair report.

Judge Lynch was correct in finding that Spreadbury failed to present any evidence from which a jury could conclude that Lee Enterprises published any of its news articles with malice. Dkt # 181, 9 n.3. His bare allegations of malice do not suffice to defeat summary judgment. "A plaintiff must put forth 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009)(quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)). Spreadbury has not shown any evidence of malice behind any of the statements that he challenges.

Accordingly, summary judgment on Spreadbury's defamation claims is granted in favor of Lee Enterprises.

## C. Defamation per se

The August 9, 2010 article also stated that Spreadbury was convicted of the crime of disturbing the peace. In fact, he was convicted of criminal trespass. Spreadbury's claim regarding this statement survives Lee Enterprises's summary

judgment motion because the statement may constitute defamation per se. However, the jury must decide whether Spreadbury was a limited public figure or a private figure at the time the statement was published.

Under Montana law, defamation per se exists when a private actor falsely accuses an individual of committing a crime. *Blue Ridge Homes, Inc. v. Thein*, 191 P.3d 374, 378, 382 (Mont. 2008); *McCusker v. Roberts*, 452 P.2d 408, 414 (Mont. 1969); *Keller v. Safeway Stores, Inc.*, 108 P.2d 605, 608-09 (Mont. 1940). The plaintiff need not prove damages; they are presumed. *McCusker*, 452 P.2d at 414. A defendant may be liable for defamation per se where it reports that a person was convicted of one crime, but the person was convicted of a different crime. *See e.g. Towle v. St. Albans Publg. Corp., Inc.*, 165 A.2d 363, 368 (Vt. 1960).

Here, Lee Enterprises incorrectly reported that Spreadbury was convicted of disturbing the peace. The standard of care Lee Enterprises must be held to depends on whether Spreadbury is a private figure or a limited public figure. Limited public figures are people who have voluntarily injected themselves into a particular public controversy; they become public figures for that limited range of issues. *Kurth v. Great Falls Tribune Co.*, 804 P.2d 393, 394 (Mont. 1991)(citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)). If Spreadbury was a private

figure at the time of publication, a negligence standard applies. *See Madison v. Yunker*, 589 P.2d 126, 132-33 (Mont. 1978).

Under Montana law, the public figure analysis applies to defamation per se as well as to defamation. In *Kurth v. Great Falls Tribune Co.*, the Great Falls Tribune incorrectly reported that the plaintiff was sought for at least nine criminal charges. 804 P.2d at 394. A false accusation that a person is charged with a crime constitutes defamation per se under Montana law. *McCusker*, 452 P.2d at 414. Though dealing with defamation per se, the Court still considered if any privilege applied to the statements. *Kurth*, 804 P.2d at 394. The Court determined that "the controversy [Kurth was involved in was] a matter of public concern as evidenced by the news media coverage of MMI's activities over a period of several years." *Id.* at 395. However, the Court held that a genuine issue of material fact existed as to whether Kurth became a limited public figure through his involvement in the controversy. *Id.* at 395, 397. The Court held that a jury must determine this issue under Montana law. *Id.*

Here, Judge Lynch found that Spreadbury was a private figure when the August 9, 2010 article was published because he was no longer running for mayor. Judge Lynch stated that Lee Enterprises "does not argue to the contrary." Dkt # 181, 28. However, Judge Lynch did not address whether Spreadbury might be a

-8-

limited public figure. Nor did Lee Enterprises argue Spreadbury was a limited public figure in the brief supporting its summary judgment motion. But it did raise this argument in its reply brief and, in detail, in its objections.

Many facts in the record could support a finding that Spreadbury's lawsuits against Hamilton officials constituted a public controversy and that he injected himself into the forefront of this controversy.

If Spreadbury was a limited public figure, malice is required, meaning the statement must have been published "with knowledge that it was false or with reckless disregard of whether it was false or not." *Kurth*, 804 P.2d at 394; *see also Williams v. Pasma*, 656 P.2d 212, 215 (1982)(citing *New York Times v. Sullivan*, 376 U.S. 254, 279-280 (1964)). Because summary judgment is granted as Lee Enterprises as to malice, Spreadbury's defamation per se claim would fail if he was a limited public figure. Beyond his bare assertions, Spreadbury has not shown any evidence Lee Enterprises acted with reckless disregard of the truth or published the August 9, 2010 article with serious doubts as to its accuracy.

In its objections, Lee Enterprises argues that it is entitled to summary judgment on defamation per se because Spreadbury was a limited public figure. However, Spreadbury has not had the opportunity to respond to this argument. Thus, I do not agree at this point that there is no genuine dispute regarding

Spreadbury's status as a limited public figure. The question must go to the jury if there is any dispute in a libel case. *Kurth*, 804 P.2d at 395, 397.

Accordingly, Judge Lynch's recommendation that Spreadbury's claim for defamation per se should survive summary judgment is adopted. I also adopt Judge Lynch's finding that Spreadbury has not presented any evidence on which a jury could conclude that published any of its news articles with malice. However, at this point I disagree with Judge Lynch's finding that Spreadbury was a private figure. At a minimum the issue should be addressed on it being properly raised and briefed.

## D. Negligence and tortious interference with prospective economic advantage

Spreadbury's negligence and tortious interference with prospective economic advantage claims are derivative of, or "companion claims" to, Spreadbury's defamation and defamation per se claims. Accordingly, they cannot succeed as independent causes of action; they fail if the predicate claims fail. *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1057–58 (9th Cir. 1990)(dismissing claims for product disparagement and tortious interference with business relationships because predicate defamation failed); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1193 n. 2–3 (9th Cir.1989)("an emotional distress claim based on the same facts as an unsuccessful libel claim cannot survive as an

independent cause of action" (quotation marks and citation omitted)); *Leidholdt v. L.F.P. Inc.*, 860 F.2d 890, 893, 893 n. 4 (9th Cir. 1988)(finding that emotional distress and false light invasion of privacy claims that are "sufficiently duplicative" of libel are subject to the same limitations governing the defamation claim, including the malice requirement).

Because Lee Enterprises is entitled to summary judgment on Spreadbury's defamation claims, it is unnecessary to address Spreadbury's objections concerning the derivative claims that are predicated on the same facts. I will address his objections concerning those claims where the "gravamen is defamation [per se]." *Dworkin*, 867 F.2d at 1193 n. 2 (quotation marks and citation omitted). Spreadbury's negligence and tortious interference claims cannot succeed independently of the defamation per se claim; they "succeed or fail together." *Leidholdt*, 860 F.2d at 893. Furthermore, the same standards and limitations that apply to the defamation per se claim will apply to these claims. *Id.* If Spreadbury was a limited private figure at the time of the publication, Lee Enterprises will be subject to a negligence standard of care. If he was a public figure, he will have to show malice for all the derivative claims. *Id.*

### 1. Negligence

Lee Enterprises's summary judgment motion with respect to the negligence

claim is denied. Each of us has a duty to refrain from falsely accusing another of committing a crime. Thus, Lee Enterprises failed to show it owed no duty to Spreadbury. If the standard of care for the defamation per se claim is negligence because Spreadbury was a private figure in August 2010, Spreadbury may also proceed on his negligence claim. If the standard of care requires malice, he may not.

**2. Tortious Interference with Prospective Economic Advantage**

In its objections, Lee Enterprises seeks summary judgment on Spreadbury's claim for tortious interference with prospective economic advantage based on an argument it failed to raise before Judge Lynch. In its opening brief on this motion before Judge Lynch, Lee Enterprises argued that it is entitled to summary judgment on this claim because it committed no wrongful acts. This argument fails because Spreadbury's defamation per se claim could constitute the predicate wrongful act. In its reply brief, Lee Enterprises argued Spreadbury failed to show damages. However, it did not argue, as it does in its objections, that Spreadbury failed to present any proof that Lee Enterprises intended to cause damage to his business. *See Maloney v. Home & Inv. Ctr., Inc.*, 994 P.2d 1124, 1132 (Mont. 2000) (describing the elements of an action for tortious interference).

Lee Enterprises should have raised these arguments in its opening brief so

that Spreadbury would have the opportunity to respond to them. Though Judge Lynch found, and this Court agrees, that Spreadbury has failed to present any evidence that Lee Enterprises published any of its news articles with malice, it is not clear that malice and intent to cause harm to a business require equivalent proof. A court should not decide new arguments raised in a reply brief or first raised in objections. Accordingly, I will not address Lee Enterprises's arguments concerning damages and intent to cause harm. If there is a trial, Spreadbury will have the opportunity to respond to these arguments. Accordingly, summary judgment is denied on this claim. Since it is predicated on the same facts as the defamation per se claim, it will rise or fall with that claim.

### E. Negligent and Intentional Infliction of Emotional Distress

Though Spreadbury's claim that Lee Enterprises is liable for both negligent and intentional infliction of emotional distress is also predicated on his defamation per se claim, it does not survive summary judgment. "A district court has the duty of determining the threshold question of whether any proof of such severe emotional distress exists sufficient to raise a question of fact for the jury." *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 422 (Mont. 1995)(quoting *First Bank (N.A.)—Billings v. Clark*, 771 P.2d 84, 91 (Mont. 1989)).

As found by Judge Lynch, Spreadbury has failed to present any evidence

-13-

from which a jury could conclude that he suffered emotional distress "so severe that no reasonable person could be expected to endure it." *Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 222 (Mont. 2008)(quoting *Sacco*, 896 P.2d at 425-26, 428-29). Spreadbury reiterates in his objections that Lee Enterprises's statement that he had been convicted of disturbing the peace resulted in "permanent disability from work," "humiliation, embarrassment, and other emotional distress (anger, others)," and "permanent impairment to health." Dkt # 188, 13. However, he has provided no factual support for these allegations. Accordingly, his claims for negligent and intentional infliction of emotional distress fail to meet the "high standard" that is applied to such causes of action in Montana. *See Lorang*, 192 P.3d at 222; *see also Renville v. Fredrickson*, 101 P.3d 773, 775–76 (Mont. 2004) (discussing standard for severity and seriousness).

Lee Enterprises is thus entitled to summary judgment as to Spreadbury's claims for negligent and intentional infliction of emotional distress. However, the issue of damages for emotional distress is open if he prevails on his surviving tort claims. *Lorang*, 192 P.2d at 223.

## F. Punitive Damages

The only recommendation made by Judge Lynch that I disagree with is his recommendation to deny Lee Enterprises's motion for summary judgment as to

Spreadbury's punitive damages claim. A plaintiff in a defamation suit may only recover punitive damages upon a showing of actual malice. *Madison*, 589 P.2d at 133. I have already adopted Judge Lynch's finding that Spreadbury has failed to show any evidence from which a jury could find malice. Accordingly, summary judgment in favor of Lee Enterprises as to this issue is appropriate.

## G. Conclusion

Contrary to Spreadbury's objections, Judge Lynch's factual findings are supported by the record. Though I disagree with Judge Lynch's determination that Spreadbury was a private figure when the August 9, 2010 article was published and the recommendation that summary judgment be denied as to the punitive damages claim, I otherwise adopt Judge Lynch's findings and recommendations. There is no clear error in the findings and recommendations to which the parties did not specifically object.

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations of November 30, 2011 (dkt # 181) and January 31, 2012 (dkt # 210) are adopted in part and modified in part.

IT IS FURTHER ORDERED that Lee Enterprise's motion for summary judgment (dkt # 108) is GRANTED IN PART and DENIED IN PART. Summary judgment is entered in favor of Lee Enterprises as to Spreadbury's

Communications Decency Act, defamation, and negligent and intentional infliction of emotional distress claims and his claims for punitive damages and injunctive relief. Summary judgment is also granted in favor of Lee Enterprises as to the issue of malice. Summary judgment is denied as to Spreadbury's claims against Lee Enterprises for defamation per se, negligence, and tortious interference with prospective economic advantage.

Dated this 6th day of March, 2012.

Donald W. Molloy, District Judge
United States District Court