IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

MICHAEL E. SPREADBURY,                     CV 11-64-M-DWM-JCL

        Plaintiff,

                                  ORDER

vs.

BITTERROOT PUBLIC LIBRARY,
CITY OF HAMILTON,
LEE ENTERPRISES, INC.,
BOONE KARLBERG, P.C.,
DR. ROBERT BROPHY, TRISTA SMITH,
NANSU RODDY, JERRY STEELE,
STEVE SNAVELY, STEVEN BRUNER-MURPHY,
RYAN OSTER, KENNETH S. BELL, and JENNIFER LINT,

        Defendants.

_____

        Before the Court is the City and Library Defendants' motions in limine. Having considered the merits of the parties' respective positions on the matters at issue in the motion, IT IS HEREBY ORDERED:

        1. Motion in Limine No. 1 — alleged misconduct by Boone attorneys — is GRANTED under Fed. R. Evid. 402;

        2. Motion in Limine No. 2 — public fraud and litigation defense by Montana Municipal Interlocal Authority — is GRANTED under Fed. R. Evid. 402;

3. Motion in Limine No. 3 — ostracism.  The motion is GRANTED to the extent it seeks to preclude speculative evidence of general community ostracism.  But to the extent it seeks to preclude evidence of specific relationships adversely affected, the issue can only be resolved in the context of the evidence presented at trial, and the motion is DENIED in that respect;

4. Motion in Limine No. 4 — loss of mayoral election — is GRANTED under Fed. R. Evid. 402 and 403;

5. Motion in Limine No. 5 — bad acts.  Defendants move for an order in limine excluding reference to, or evidence of, the following matters:  (A) the Bitterroot Public Library's conduct in opening an alleged "pedophilia room" and the alleged improper use of public funds to defend against complaints filed about the room; and (B) Defendant Ryan Oster's alleged conduct in obstructing justice, tampering with evidence, covering up a felony injury accident, and encouraging pretrial detainees to commit suicide.  Defendants' motion as to these referenced matters is GRANTED under Fed. R. Evid. 402.

Defendants' motion, however, is DENIED to the extent it seeks a broad proscription baring the admission of evidence of any prior act or omission that may otherwise be admissible under Fed. R. Evid. 404(b)(2) if Plaintiff can satisfy the conditions applicable to the admission of evidence under Rule 404(b)(2).  The

issue of the admissibility of any other specific evidentiary matter is more appropriately resolved in the context of the evidence presented at trial;

 6. Motion in Limine No. 6 — cover ups and code of silence — is GRANTED under Fed. R. Evid. 402;

 7. Motion in Limine No. 7 — Plaintiff's opinions. Defendants move to preclude Plaintiff from presenting his opinion testimony at trial. Specifically, Defendants refer to examples of Plaintiffs' opinions that he has expressed regarding Defendants' conduct that he believes constituted a violation of a policy or a violation of his legal rights. A witness, including an expert witness, may not "give an opinion as to [his or] her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). Defendants' motion is, therefore, GRANTED in this respect, and Plaintiff is precluded from testifying as to his legal conclusions identified in items 1 through 7 on pages 11 - 12 of Defendants' brief. Dkt. 212 at 11-12.

 Defendants also move to exclude Plaintiff's opinion testimony to the extent he may attempt to present that testimony in the form of expert opinions recognized under Fed. R. Evid. 702. The motion is GRANTED to the extent Plaintiff may

have failed to properly disclose expert opinion testimony as required under Fed. R. Civ. P. 26(a)(2)(A) and (B), by the expert witness disclosure deadlines imposed in the Court's scheduling order entered November 30, 2011.  If Plaintiff properly and timely disclosed expert witness opinion testimony by the referenced deadlines, then Defendants' motion is DENIED in that respect, and the admissibility of any properly disclosed expert witness opinion testimony will be resolved in the context of the evidence presented at trial.

Finally, the Court notes Plaintiff may be able to present limited lay witness opinion testimony to the extent he can satisfy the conditions applicable to the admission of that opinion testimony prescribed under Fed. R. Evid. 701; and

8.  Motion in Limine No. 8 — matters already decided — is GRANTED under Fed. R. Evid. 402.

IT IS SO ORDERED.

DATED this 16th day of March, 2012.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge